PER CURIAM.
The appellant challenges an order of the trial court summarily denying his motion *523 to correct illegal sentence under Rule 3.800(a). Because the face of the record establishes the appellant’s entitlement to relief, we reverse.
The appellant alleges that his sentence of 26 months is illegal because it exceeds the statutory maximum of 22 months under section 921.001(5), Florida Statutes (1997). Section 921.001(5) provides in relevant part:
A person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose minimum recommended sentence is less than 22 months in state prison may be sentenced to a term of incarceration not to exceed 22 months.
The record reveals that the appellant was sentenced for the felony of burglary committed on August 7, 1998, well after July 1, 1997, and that the appellant has a prior felony conviction. Further, the appellant’s current sentence of 26 months was given from a recommended range between 18.3 and 30.5 months. The minimum recommended sentence in that range is 18.3 months, which is less than 22 months. Therefore, under section 921.001(5), the appellant’s sentence is illegal because it exceeds the statutory maximum of 22 months. See Jones v. State, 764 So.2d 659, 660 (Fla. 1st DCA 2000).
We accordingly reverse the trial court’s summary denial of the appellant’s motion to correct his illegal sentence and remand for resentencing.
WEBSTER, DAVIS and BENTON, JJ., concur.