W. SHARP, Judge.
Scott appeals his convictions and sentences for conspiracy to commit escape, battery on a law enforcement officer, and escape. The charges arose when Scott and three other inmates attempted to escape from the Tomo-ka Correctional Institute. We find merit only in Scott’s argument on appeal that the trial court erred in ordering the mandatory minimum portions of his habitual violent felony offender sentences to be served eonsecu- *73 tively. Accordingly, we affirm Ms convictions but remand for resentencing.
At about 2:25 a.m. on August 1, 1991, four inmates (including Scott) assaulted the correctional officer in charge of their section. They dragged him to a restroom, kicking him along the way, and handcuffed him to a pipe. A few minutes later, the inmates were spotted outside. They ran towards a fenced area surrounding the facility.
The inmates were apprehended and searched. Prison officials found they had extra clothing, gloves,[1] a pepper shaker,[2] and other items with them. A bag of food was found in the area near where the inmates were trying to escape. This area- was a favorite route for escape attempts because it had the longest distance between the guard towers and it had access to a dirt road.
Scott was convicted of conspiracy to commit escape,[3] battery on a law enforcement officer,[4] and escape.[5] Scott was sentenced to enhanced pumshment as an habitual violent felony offender pursuant to section 775.-084(4)(b). The court sentenced Scott to ten years imprisonment, with a five year minimum term for conspiracy to commit escape, ten years imprisonment with a five year minimum term for battery on a law enforcement officer, and thirty years imprisonment with a fifteen year minimum mandatory term for escape.[6] The court directed that the sentence for escape be served consecutively to the sentence for battery.
A trial court may not impose consecutive mandatory minimum sentences under the habitual felony statute for offenses arising from a single criminal episode. Hale v. State, 1993 WL 406369, 18 Fla.L. Weekly S535 (Fla. Oct. 14, 1993); Sweet v. State, 624 So.2d 1138 (Fla.1993); Daniels v. State, 595 So.2d 952 (Fla.1992); Wright v. State, 608 So.2d 576 (Fla. 5th DCA 1992). In determining whether offenses arise from the same criminal episode or are separate and distinct, the court must consider whether separate victims are involved, whether the crimes occurred in separate locations and whether there has been a temporal break between the incidents. Woods v. State, 615 So.2d 197 (Fla. 1st DCA 1993). See also Brown v. State, 599 So.2d 132 (Fla. 2d DCA 1992) (minimum mandatory portions of habitual offender sentences must be ordered to be served concurrently where there is no distinction in time and place between the offenses).
Here, all three offenses took place at To-moka Correctional Institute and there was no break between incidents. The officer was assaulted at about 2:25 a.m. and the four inmates were spotted outside the facility at about 2:30 a.m. The battery apparently was necessary for the escape and part of the plan or conspiracy to escape. Since there is no real distinction in time and place between the offenses, we conclude that they arose from a single criminal episode. Thus, the court should not have in stacked the mandatory minimum terms.
Judgments AFFIRMED; Sentences REVERSED and REMANDED for resentenc-ing.
PETERSON and THOMPSON, JJ., concur.

. The gloves would be used for the barbed wire fence which surrounds the facility.

. Inmates will often use pepper in the belief that it will throw off the bloodhounds sent to track them.

. § 777.04(3), Fla.Stat. (1991).

. §§ 784.03 and 784.07, Fla.Stat. (1991).

. § 944.40, Fla.Stat. (1991).

.The minimum term of fifteen years imposed in this case for escape, a second degree felony, is erroneous. Section 775.084(4)(b)2. provides that in the case of a felony in the second degree, the court may sentence the habitual violent felony offender to a term of years not exceeding thirty years and such offender shall not be eligible for release for ten years.