743 So.2d 611 (1999)
Michael DAMIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3129.
District Court of Appeal of Florida, Fifth District.
October 15, 1999.
*612 James B. Gibson, Public Defender, and Janet Brook Goodrich, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The defendant appeals from his convictions and sentences for resisting an officer without violence and resisting an officer with violence.
As the state concedes, a defendant's continuous resistance to an ongoing attempt to effect his arrest will support only one count of resisting even where several officers are involved in the effort to arrest him. See Wallace v. State, 724 So.2d 1176 (Fla.1998); Stanley v. State, 733 So.2d 559 (Fla. 5th DCA 1999). The defendant's misdemeanor conviction for resisting an officer without violence is therefore vacated. See State v. Barton, 523 So.2d 152 (Fla.1988).
We additionally conclude that the trial court erred in applying the Prison Releasee Reoffender Act, section 775.082(1), Florida Statutes, to the defendant, a recent releasee from incarceration outside the State of Florida.
The act provides in pertinent part:
(8)(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
* * *
o. Any felony that involves the use or threat of physical force or violence against an individual....
* * *
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.

The defendant was sentenced under the Act based on his release in 1995 from a Kentucky state prison. He argues that he does not qualify as a prison releasee reoffender because the Act is limited by its wording to recent releasees from incarceration with "the Department of Corrections or a private vendor."
Penal statutes must be strictly construed. McLaughlin v. State, 721 So.2d 1170 (Fla.1998); Perkins v. State, 576 So.2d 1310 (Fla.1991). See also § 775.021(1), Fla. Stat. ("provisions of this code ... shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused"). By qualifying the phrase "a state correctional facility" with the phrase "operated by the Department of Corrections or a private vendor" (emphasis added), we are constrained to hold that the language is limited to a correctional facility operated by the Department of Corrections of the State of Florida. Indeed, that nomenclature would not apply in many other states.
The conviction for resisting an officer with violence is affirmed; the conviction for misdemeanor resisting is vacated; and the cause is remanded for resentencing.
AFFIRMED IN PART; VACATED IN PART; REMANDED FOR RESENTENCING.
W. SHARP, and GRIFFIN, JJ., concur.