SHEVIN, Judge.
We reverse defendant’s sentence as a prison releasee reoffender, pursuant to section 775.082(9), Florida Statutes (Supp. 1998). The trial court imposed this sentenced based on defendant’s release from a Michigan prison within three years of the present conviction. However, as defendant was not released from a Florida prison, the court erred in sentencing defendant as a prison releasee reoffender. As the Fifth District correctly concluded in Damien v. State, 743 So.2d 611, 612 (Fla. 5th DCA 1999), because the legislature qualified “the phrase ‘a state correctional facility’ with the phrase ‘operated by the Department of Corrections or a private vendor,’ we are constrained to hold that the language is limited to a correctional facility operated by the Department of Corrections of the State of Florida.” The language in the statute is clear and unambiguous, and, hence, the court must give the statute its plain and obvious meaning. See McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998).
The state asserts that the legislature’s intent in enacting the prison releasee reof-fender statute was that the statute apply uniformly to persons released from prison in any state. If this is correct, the legislature must alter the statute’s language to achieve this result. In the face of the statute’s clear and unambiguous language, courts cannot accomplish this result by judicial fiat.
Sentence reversed; cause remanded for resentencing.