ANTOON, C.J.
Timothy Brown appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of two counts of resisting an officer without violence[1] and one count of possession of 20 grams or less of cannabis.[2] We conclude there is merit in one issue raised on appeal and reverse thereon.
Mr. Brown was charged in count I with resisting an officer with violence and in count II with resisting an officer without violence. The jury found Mr. Brown guilty of the lesser offense of resisting an officer without violence in count I, and thus he was ultimately convicted of two counts of resisting an officer without violence. These two convictions violate the double jeopardy clause because the same officer was named as the victim in both counts, and Mr. Brown’s continuous resistance was to this one officer’s ongoing attempt to effectuate an arrest. See Wallace v. State, 724 So.2d 1176 (Fla.1998).
We note the argument made by the dissent was not raised before the trial court or on appeal. We disagree with the dissent based upon our conclusion that Mr. Brown continuously resisted the officer. On appeal, the State acknowledged that a double jeopardy issue existed and in light thereof asserted that the lesser sentence should be vacated. We accept this suggestion and vacate the conviction and sentence on count II and remand this matter to the trial court for resentencing on the remaining counts.
AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH, J., concurs.
HARRIS, J., dissents, with opinion.

. § 843.02, Fla. Stat. (1997).

. § 893.13(6)(b), Fla. Stat. (1997).