PER CURIAM.
Aaron Davis (“defendant”) appeals his convictions and sentences for one count of aggravated assault on a law enforcement officer, four counts of resisting arrest with violence, and grand theft of a motor vehicle. We affirm in part and reverse in part.
The defendant was observed driving a stolen vehicle. When an officer attempted to stop the vehicle, the defendant accelerated in an attempt to flee. A short distance later, the defendant lost control of *863 the vehicle and ended up on the sidewalk. The officer blocked the vehicle by positioning his car in front of the defendant’s car. The defendant then drove his vehicle into the officer’s car, pushed it out of the way, and drove off. The officer continued the chase.
Another officer saw the defendant driving toward him. The defendant hit the front of this officer’s car and then crashed into another car. The chase continued on foot where four officers eventually subdued and handcuffed the defendant.
On appeal, the defendant contends that the trial court erred when it allowed the patrolling officer to testify that he observed the defendant in a high crime area. The defendant also contends that the trial court erred in entering multiple judgments of conviction and sentences for resisting an officer based on an ongoing attempt to arrest him.
First, we find no reversible error in the trial court’s decision to allow the patrolling officer to testify that he observed the defendant in a high crime area. There was no objection made to the testimony which related to the officer’s specific detention of the defendant. Therefore, the defendant has failed to preserve this issue for appeal. See § 924.051(3), Fla.Stat. (2000); Filan v.. State, 768 So.2d 1100 (Fla. 4th DCA 2000).
However, we do find the trial court erred in entering multiple judgments of conviction and sentences for resisting arrest with violence. As correctly conceded by the State, the defendant’s continuous resistance to the ongoing attempt to effect his arrest constitutes only one count of resisting with violence even though several officers became involved in the altercation. See Wallace v. State, 724 So.2d 1176 (Fla.1998); Fogle v. State, 754 So.2d 878 (Fla. 1st DCA 2000).
In conclusion, because the trial court erred in entering multiple judgments of conviction and sentences for resisting with violence, we reverse and remand for the trial court to vacate three of the four convictions for resisting with violence. The defendant’s remaining convictions and sentences are affirmed.
Affirmed in part, reversed in part, and remanded with instructions.