777 So.2d 1175 (2001)
Bruce MADISON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1743.
District Court of Appeal of Florida, Fifth District.
February 16, 2001.
*1176 James B. Gibson, Public Defender, and Linda L. Gaustad, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Bruce Madison appeals his judgment and convictions for three counts: resisting arrest with violence, battery on a law enforcement officer, and resisting arrest without violence. All of the counts stemmed from a single episode and a continuous resistance to the arrest.
A defendant may properly be convicted of both resisting arrest with violence and resisting arrest without violence if those convictions address two separate acts of resisting. See Bright v. State, 760 So.2d 287, 288 (Fla. 5th DCA 2000); see also Casselman v. State, 761 So.2d 482 (Fla. 5th DCA 2000). However, a continuous resistance to the ongoing attempt to effect a defendant's arrest constitutes a single instance of resisting an officer under section 843.01, Florida Statutes (1999). See Damien v. State, 743 So.2d 611, 612 (Fla. 5th DCA 1999) (citing Wallace v. State, 724 So.2d 1176 (Fla.1998); Stanley v. State, 733 So.2d 559, 559 (Fla. 5th DCA 1999)). Multiple convictions on multiple counts of resisting arrest without violence arising out of a single episode, even if more than one officer is involved, constitute a double-jeopardy violation. See Fogle v. State, 754 So.2d 878, 878-79 (Fla. 1st DCA 2000) (internal citations omitted).
In the instance case, both Madison's conviction for resisting arrest with violence and resisting arrest without violence arose from a single episode even though two police officers were involved. On the other hand, it is clear that Madison's conviction for resisting arrest with violence was proper for struggling with and intentionally striking one of the police officers. Therefore, only his conviction for resisting arrest without violence should be vacated. Accord Brown v. State, 754 So.2d 124, 125 (Fla. 5th DCA 2000).
We affirm the convictions and sentences except for the conviction of count three, resisting arrest without violence, which we vacate. We remand for recalculation of the scoresheet and resentencing.
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB and PALMER, JJ., concur.