778 So.2d 1068 (2001)
Elliott VASQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1501.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
*1069 SAWAYA, J.
Elliott Vasquez appeals his convictions of one count of resisting an officer with violence, a third degree felony, and two misdemeanor counts of resisting an officer without violence. We reverse one conviction for resisting without violence and affirm the other two convictions.
This case amply demonstrates the abuse that law enforcement officers are subjected to from time to time by unruly, intoxicated citizens who show little regard for the law and who impose themselves and their obnoxious behavior on others in public, where all individuals are expected to conduct themselves with at least a modicum of civility. Vasquez was an intoxicated customer in a Steak N' Shake restaurant located in Altamonte Springs. Because of the disturbance he was causing, the manager no longer welcomed his presence. At the time of Vasquez's misbehavior, two bike patrol officers with the Altamonte Springs Police Department entered the parking lot to speak with another officer who was conducting a traffic investigation. The manager of the restaurant approached the officers and requested their assistance in removing the unwanted Vasquez from the premises.
The officers entered the restaurant and found the inebriated Vasquez seated at a booth attempting to eat a salad that was mostly displaced on himself, the table, and the floor. The officers requested several times that Vasquez leave but he refused. In order to take Vasquez into custody and place him under arrest, the officers took Vasquez by the arms and attempted to escort him out of the restaurant. Vasquez became upset, pulled his arm from one of the officers and started to struggle with them. The officers were able to get Vasquez outside at which time they handcuffed him, placed him under arrest, and summoned a patrol car to take Vasquez to the police station. As they were waiting for the patrol car to arrive, one of the officers testified that Vasquez made threats to the effect that "he wanted to kick our ass and stuff of that nature." When the patrol car arrived Vasquez refused to get inside, so one of the officers had to go to the opposite side of the car, get in the vehicle, and pull Vasquez as the other officers pushed him in from the outside. After he was secure in the patrol car, Vasquez was transported to the police station.
The two arresting officers proceeded to the station on their bikes and when they arrived, they witnessed Vasquez yelling profanities at the booking officer. The booking process was never completed because Vasquez was totally uncooperative. When the time came to transport Vasquez, who was secured by handcuffs and shackles, to the jail facility, he again became combative and uncooperative. Several officers had to literally pick Vasquez up by his arms and legs and carry him, kicking and screaming profanities, to the van. It was during this process that Vasquez kicked one of the officers. To place the belligerent Vasquez in the van, the officers utilized the same technique as before with one or more officers pushing him from the outside and another officer pulling Vasquez from inside of the van. Vasquez was eventually transported to jail.
Vasquez contends that his actions constituted a continuous resistance to the ongoing attempt by the law enforcement officers to effect his arrest and take him into custody. Therefore, he argues that he may only be convicted of one charge of resisting pursuant to section 843.01, Florida Statutes (1999). Facially, this argument has merit because the supreme court in Wallace v. State, 724 So.2d 1176 (Fla. 1998) held that a defendant who engages in continuous resistance to the ongoing attempts of law enforcement officers to effect his arrest commits a single instance of obstruction under section 843.01, and may be convicted of only one count of *1070 resisting even where several officers are involved in the effort to arrest him. See also Davis v. State, 774 So.2d 862 (Fla. 3d DCA 2000); Damien v. State, 743 So.2d 611 (Fla. 5th DCA 1999); Stanley v. State, 733 So.2d 559 (Fla. 5th DCA 1999). Thus the issue presented in these proceedings is whether the standard established in Wallace requires that Vasquez be convicted of only one charge of resisting.
The State contends, however, that Vasquez did not properly preserve this issue for review by this court because he failed to make appropriate and timely objections in the trial proceedings. We need not address whether the issue was properly preserved because multiple convictions for resisting an officer without violence arising out of the same criminal episode constitute a violation of double jeopardy, even if multiple officers are involved. Fogle v. State, 754 So.2d 878 (Fla. 1st DCA 2000); Johnson v. State, 747 So.2d 1027 (Fla. 2d DCA 1999); Jones v. State, 711 So.2d 633 (Fla. 1st DCA), rev. dismissed, 717 So.2d 538 (Fla.1998). A violation of double jeopardy constitutes fundamental error which may be raised for the first time on appeal. Johnson; Jones. Thus we may consider this issue on the merits.
Having determined that the issue is properly before us, we must determine whether the three convictions arose out of the same episode of resisting. If they did, only one conviction may be allowed. The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) whether there has been a temporal break between the incidents. Scott v. State, 627 So.2d 72 (Fla. 5th DCA 1993) (citing Woods v. State, 615 So.2d 197 (Fla. 1st DCA 1993)); see also Victor v. State, 774 So.2d 722 (Fla. 3d DCA 2000) (holding two separate offenses occurred because they were separated by time and place); Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000); Willis v. State, 640 So.2d 220 (Fla. 2d DCA 1994); Sprow v. State, 639 So.2d 992, 993 (Fla. 3d DCA 1994) ("[B]ecause they occurred at different times, different places, and involved different victims, we conclude that the two burglary convictions did not arise out of a single criminal episode."); Young v. State, 631 So.2d 372 (Fla. 2d DCA 1994).
The two counts of resisting without violence arise from the events that occurred at the restaurant. The facts of this case as set forth in this opinion establish that these two offenses flow from a single criminal episode. The first incident of resisting occurred as Vasquez was being escorted out of the restaurant and the second occurred as the officers were attempting to place him inside the patrol car. There was no temporal break in his resistance and the victims were the same. Accordingly, Vasquez could only be convicted of one count of resisting without violence.
The conduct of Vasquez that led to his conviction for resisting with violence occurred at the police station. Clearly a temporal break occurred between Vasquez's resistance at the restaurant and the resistance he displayed as the officers attempted to place him in the van. We conclude that the episode of resisting at the police station constitutes a criminal episode separate and independent of the events that took place at the restaurant. Accordingly, Vasquez's conviction for resisting with violence should be affirmed.
We, therefore, reverse the conviction for resisting without violence that flows from the incident at the restaurant when the officers attempted to place Vasquez in the patrol car. We affirm the other two convictions.
*1071 AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
COBB and ORFINGER, R.B., JJ., concur.