804 So.2d 419 (2001)
Robert Joseph RUSSO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2168.
District Court of Appeal of Florida, Fourth District.
October 10, 2001.
Rehearing Denied December 5, 2001.
*420 Carey Haughwout, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.
KLEIN, J.
Appellant was found guilty on two counts of aggravated assault and argues that, because the two counts arose out of one continuous incident, the two convictions violate double jeopardy. We reverse.
The victim was operating an earthmoving machine behind a duplex apartment where the appellant lived. Appellant's wife complained to the victim about the loss of a dog chain in the yard and the victim allegedly insulted her. After she went back in the house, appellant came outside carrying a beer bottle. Some cursing back and forth occurred, and appellant broke the beer bottle and threatened to kill the victim with it.
The victim told appellant to put the bottle down and they could then go at it, and appellant dropped the bottle. At that point the victim stood up from his seat on the Bobcat, and appellant then picked up a shovel and swung it, striking the side of the Bobcat. On these facts the state charged appellant with two separate counts of aggravated assault, the first involving the bottle and the second involving the shovel, and obtained convictions on both.
In Vasquez v. State, 778 So.2d 1068 (Fla. 5th DCA 2001) two officers on bicycles were called to remove an intoxicated customer from a restaurant, which resulted in two convictions of resisting an officer without violence. The facts reflected that the defendant refused to leave the restaurant and had to be forcibly removed by the officers while he struggled with them. After the officers got the defendant outside, they handcuffed him, placed him under arrest, and summoned a patrol car to take him to the police station. After the patrol car arrived, defendant resisted their efforts to place him into the car and he had to be physically forced. The issue before the fifth district was whether his conduct inside the restaurant and his conduct while being forced into the car could support separate convictions.
The fifth district concluded that there could be only one conviction for resisting an officer without violence. Judge Sawaya explained:
The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) *421 whether there has been a temporal break between the incidents.
* * * * * *
The two counts of resisting without violence arise from the events that occurred at the restaurant. The facts of this case as set forth in this opinion establish that these two offenses flow from a single criminal episode. The first incident of resisting occurred as Vasquez was being escorted out of the restaurant and the second occurred as the officers were attempting to place him inside the patrol car. There was no temporal break in his resistance and the victims were the same. Accordingly, Vasquez could only be convicted of one count of resisting without violence.
Id. at 1070.
One of the cases relied on by the fifth district in Vasquez was Wallace v. State, 724 So.2d 1176 (Fla.1998). In Wallace the first officer who arrived at a domestic altercation ordered the defendant to drop a rake and informed him that he was under arrest. Defendant threatened to strike the officer with the rake and unsuccessfully attempted to punch him. As the second officer arrived on the scene the first officer ordered the defendant to lie on the ground, and the second officer then attempted to handcuff him.[1] Defendant then punched the second officer in the face and continued to fight both officers until they subdued him.
The issue before the Florida Supreme Court was whether the defendant could be convicted of two counts of resisting an officer with violence. Although the court's analysis focused on the issue of whether the fact that two officers were resisted would permit two convictions, the court observed that "his continuous resistence to the ongoing attempt to effect his arrest constitutes a single instance of obstruction" under the statute. Id. at 1181. The court held two convictions were barred by double jeopardy.
In Gresham v. State, 725 So.2d 419, 420 (Fla. 4th DCA 1999) a woman was threatening to kill her husband with a shotgun. He grabbed the gun barrel, they struggled, fell to the floor, and she then grabbed a knife and stabbed her husband. We held that the pointing of the gun and the stabbing "occurred in one uninterrupted sequence" and constituted "but a single act."
The state relies on Nicholson v. State, 757 So.2d 1227, 1228 (Fla. 4th DCA 2000) in which the defendant threw a brick through the window of the patio door at the rear of a home and then went around to the front and threw another brick through a front window. We affirmed his convictions on two counts of throwing a deadly missile into a dwelling explaining:
The bricks were thrown at discrete times and from discrete locations. It clearly required separate intent to throw a brick through the patio door at the rear of the house and then, after running to the front of the house, to throw a brick through a front window.
Nicholson differs from Wallace, Vasquez and Gresham in that there was a clear separation in Nicholson both as to time and place. In Wallace, Vasquez and Gresham, on the other hand, all of which involved threats, physical attacks or resisting arrest, the factual foundation for the charges was essentially one continuous incident. Under the analysis used by the fifth district in Vasquez, the facts in Nicholson *422 would support separate convictions, while the facts in the present case would not.[2]
In the present case there is no evidence that there was a temporal break between appellant's threatening with the beer bottle and swinging the shovel. Even if there had been, this case would still be indistinguishable factually from Vasquez and Wallace in that regard. In addition this case involved only one victim and all of appellant's conduct occurred at one location. The second conviction is accordingly barred by double jeopardy. We therefore reverse the conviction on count II.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] More of the facts in Wallace are contained in Wallace v. State, 689 So.2d 1159, 1160 (Fla. 4th DCA 1997).
[2] The courts may have been concerned in Wallace, Vasquez and Gresham that allowing separate convictions could theoretically result in a defendant being separately convicted for each punch or kick. Separate convictions can, of course, result in consecutive sentences, see section 775.021, Florida Statutes, and therefore disparate punishment depending on whether a brawl was continuous or included brief intermissions.