831 So.2d 823 (2002)
Erickson OLIVARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3825.
District Court of Appeal of Florida, Fourth District.
December 11, 2002.
Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, Erickson Olivard, was charged with aggravated battery with a deadly weapon (Count I), and aggravated battery causing great bodily harm and permanent disfigurement (Count II). After a *824 jury trial, appellant was found guilty as charged on Count II. However, he was convicted of the lesser included offense of battery on Count I. We affirm appellant's conviction for aggravated battery. However, we reverse his conviction and sentence for battery as we find that the double jeopardy clause prohibits conviction and sentence for both offenses. We find appellant's other arguments to be without merit.
After a brief discussion with the victim, Lyonel Thanis, wherein Thanis criticized appellant for failing to give his roommate a ride home from work, appellant approached Thanis from behind with a bicycle pump and began to hit him on his right shoulder. Thanis stood up and appellant jumped at him, causing the two to fall on a nearby bed. The two struggled and appellant bit Thanis' ear off.
Appellant was charged with two counts of aggravated battery: one for hitting Thanis with the bicycle pump and the other for biting off Thanis' ear. He was convicted of aggravated battery (causing great bodily harm and permanent disfigurement) for severing Thanis' ear but found guilty of simple battery for hitting Thanis with the bicycle pump.
Under the Blockburger[1] test, separate convictions for different offenses arising from a single act are only permissible where each separate offense contains an element that the other lacks. See § 775.021(4)(a), Fla. Stat. (2000). "The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; and 3) whether there has been a temporal break between the incidents." Russo v. State, 804 So.2d 419, 420-21 (Fla. 4th DCA 2001)(quoting Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001)).
Here, appellant committed a battery and an aggravated battery against the same victim, in the same location, within seconds of each offense. Appellant's actions were within the course of one continuous episode attacking Thanis. As such, only one conviction may stand. See Russo, 804 So.2d at 422 (holding that double jeopardy barred dual convictions for aggravated assault where the defendant threatened his neighbor with a broken beer bottle and then swung a shovel at him; the incident involved only one victim, all of the conduct occurred at the same location, and there was no temporal break between each act); Maxwell v. State, 803 So.2d 815 (Fla. 5th DCA 2001)(finding that convictions for aggravated battery causing great bodily harm and aggravated battery with a deadly weapon violated double jeopardy because the beating and stabbing of the victim occurred at the same time).
When dual convictions violate double jeopardy, "[t]he proper remedy is to vacate the conviction for the lesser offense while affirming the conviction for the greater one." Hardy v. State, 705 So.2d 979, 981 (Fla. 4th DCA 1998). Accordingly, we affirm appellant's aggravated battery conviction, and remand this case to the trial court with directions to vacate the battery conviction and resentence appellant. See Johnson v. State, 744 So.2d 1221 (Fla. 4th DCA 1999).
AFFIRMED in part; REVERSED in part and REMANDED for resentencing.
POLEN, C.J., FARMER and TAYLOR, JJ., concur.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).