839 So.2d 830 (2003)
John JUDD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4361.
District Court of Appeal of Florida, Fourth District.
March 5, 2003.
Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged with armed kidnaping (Count I), armed burglary of a dwelling (Count II), armed sexual battery (Count III), aggravated battery (Count IV), attempted first degree murder (Count V), aggravated battery (Count VI), armed burglary of a dwelling (Count VII), and stalking (Count VIII). The jury found him guilty of three counts of battery, lesser included offenses of Counts I, III, IV; aggravated battery, a lesser included offense of Count V; and trespass, a lesser included offense of Count VII. We affirm, but reverse two of the three misdemeanor battery convictions on double jeopardy *831 grounds, as these offenses arose from a single episode against a single victim.
Under the Blockburger test, separate convictions for different offenses arising from a single act are only permissible where each separate offense contains an element that the other lacks. See 775.021(4)(a), Fla. Stat. (2000). "The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations, and 3) whether there has been a temporal break between the incidents." Russo v. State, 804 So.2d 419, 420-21 (Fla. 4th DCA 2001)(quoting Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001)).
Olivard v. State, 831 So.2d 823, 824 (Fla. 4th DCA 2002). We have reversed multiple convictions for the same offense where the factual foundation for the charges arose from "essentially one continuous incident." See Russo, 804 So.2d at 421; Johnson v. State, 744 So.2d 1221 (Fla. 4th DCA 1999)(reversing multiple aggravated battery convictions where the acts arose from a "single act occurring in an uninterrupted sequence"); Gresham v. State, 725 So.2d 419 (Fla. 4th DCA 1999); Campbell-Eley v. State, 718 So.2d 327 (Fla. 4th DCA 1998).
In this case, the evidence at trial showed that the three misdemeanor battery convictions were based on offenses that involved the same victim, occurred at the victim's home, and were committed as part of one continuous criminal episode. Accordingly, we remand with directions to vacate two of appellant's three misdemeanor battery convictions and sentences.
AFFIRMED in part; REVERSED in part and REMANDED.
SHAHOOD, TAYLOR, JJ., and FLEET, J. LEONARD, Associate Judge, concur.