876 So.2d 1259 (2004)
Walter CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-655.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
*1260 Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
This appeal arises out of a traffic stop at 2:30 a.m. on February 18, 2001. Appellant, Walter Clark, was clocked by radar at 89 miles per hour on Miramar Parkway in Broward County. Clark's vehicle came to a stop whereupon he was asked for his license, registration and insurance. Soon thereafter, Clark took off running and the Miramar Police screamed stop and then took chase. The three officers on the scene finally caught up with and attempted to restrain Clark. At some point during the altercation, Clark struck one of the officers and his own momentum caused him to fall on that same officer. Now atop that officer, Clark bit him on the face, leaving a permanent scar.
Clark was charged in a five-count information with aggravated battery on a law enforcement officer, resisting arrest with violence, depriving an officer of means of protection, battery on a law enforcement officer and resisting arrest without violence. After a jury trial, Clark was convicted on aggravated battery on a police officer, two counts of resisting arrest without violence (one count was as a lesser included offense of resisting arrest with violence) and battery on a law enforcement officer. Clark was sentenced to fifteen years as a habitual offender for the aggravated battery charge, five concurrent years on the battery charge, and time served on the resisting arrest charges. For the reasons that follow, we reverse Clark's conviction on the battery charge and remand for resentencing.
Clark argues that the trial court violated his double jeopardy rights by convicting him for battery and aggravated battery for actions arising out of the same incident. Contrarily, the State contends that the act of biting and the act of striking Officer Girona were separate and distinct criminal acts. "The proper analysis to determine whether offenses arise from the same criminal episode requires consideration of the following factors: 1) whether separate victims are involved; 2) whether the crimes occurred in separate locations; *1261 and 3) whether there has been a temporal break between the incidents." Russo v. State, 804 So.2d 419, 420-21 (Fla. 4th DCA 2001) (citing Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001)). In Russo, this court held that Russo's conduct of threatening the victim with a beer bottle and swinging a shovel at him was a single continuous incident, and thus double jeopardy barred a second aggravated assault conviction, where there was no temporal break, there was only one victim, and all of Russo's conduct occurred at one location. Id. at 422. See Olivard v. State, 831 So.2d 823 (Fla. 4th DCA 2002)(Only one conviction could stand against defendant convicted of battery and aggravated battery, where defendant committed both against same victim, in same location, within seconds of each offense, and defendant's actions were within course of one continuous episode attacking victim); Campbell-Eley v. State, 718 So.2d 327 (Fla. 4th DCA 1998) (Conviction for second-degree murder and aggravated battery on pregnant woman based on same homicidal assault violated double jeopardy, where stab wounds occurred in rapid succession and were part of violent acts that led to murder).
The events which took place at bar are relatively clear. After the officers finally caught up with Clark, following his running away from them, Officer Girona lowered his shoulder and struck Clark in the center of his back. Clark thereafter turned around and struck Officer Girona, knocking him to the ground. Clark's momentum also caused him to fall to the ground on top of Officer Girona. The two landed face to face and Clark bit Officer Girona's face. We find this entire sequence of events was but one criminal episode, involving the same victim, at the same location, without a temporal break between the incidents. As such, the trial court violated Clark's double jeopardy rights. Consequently, Clark's battery conviction must be vacated, and Clark must be resentenced. See Tannihill v. State, 848 So.2d 442, 444 (Fla. 4th DCA 2003) (Error in defendant's sentencing scoresheet, which included points for two counts of an offense instead of one, was not irrelevant, where appellate court's reversal of one of defendant's convictions, on double jeopardy grounds, required resentencing on remand). We find Clark's remaining arguments to be unpersuasive and uphold the convictions as to the other charges.
REVERSED.
GUNTHER and GROSS, JJ., concur.