905 So.2d 944 (2005)
Ferney ZAPATA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1128.
District Court of Appeal of Florida, Third District.
June 22, 2005.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellee.
Before LEVY, C.J., and GERSTEN[*] and GREEN, JJ.
PER CURIAM.
Defendant appeals from his convictions and sentences for charges of aggravated battery and battery.
Defendant was charged with, among other things, aggravated battery with a deadly weapon (a wall), and aggravated battery with a deadly weapon (a car), stemming from an altercation with Nancy Alers, his previous girlfriend.
At trial, Ms. Alers testified that defendant came to her home on the morning of March 28, 2001, and became upset when Ms. Alers' current boyfriend arrived. She testified that while defendant was at her door, her current boyfriend arrived in the *945 parking lot downstairs. Ms. Alers went downstairs and had a brief conversation with her boyfriend while defendant remained upstairs. Thereafter, Ms. Alers' boyfriend left and Alers returned to her building.
As Ms. Alers prepared to go up the stairs, defendant grabbed Alers by her legs and neck, dragging her to the sidewalk where he proceeded to beat Ms. Alers' head against a cement pillar wall and then beat her head against a car.
Defendant was convicted of aggravated battery with a deadly weapon, the wall, and battery as a lesser included offense of aggravated battery, the car.
On appeal, defendant argues that (1) the wall, as used in this instance is not a deadly weapon, and (2) the convictions for both battery and aggravated battery violates the double jeopardy clause where both charges stem from a single episode. We agree.
With respect to the aggravated battery conviction, we find that a wall is not a deadly weapon. See State v. Houck, 652 So.2d 359, 360 (Fla.1995)(a paved surface is not understood to be a weapon within the common or ordinary meaning of the word). Consequently, defendant's conviction for aggravated battery with a deadly weapon, the wall, must be reduced to a battery.
Moreover, because the trial evidence in the instant case reflects that the two convictions arise from the same continuous criminal act or episode, one of the convictions must be vacated. See Olivard v. State, 831 So.2d 823, 824 (Fla. 4th DCA 2002)(defendant could not be convicted of both aggravated battery causing great bodily harm and disfigurement and battery as a lesser included offense of battery with a deadly weapon where the episode giving rise to the convictions occurred against the same victim, in the same location, and within the course of one continuous episode); see also M.T. v. State, 699 So.2d 349, 349 (Fla. 3d DCA 1997)(Court found that defendant's action was a single incident episode where defendant pushed, struck, and swung an object at victim.).
Accordingly, we reverse defendant's aggravated battery with a deadly weapon conviction, the wall, and reduce it to battery, and remand the matter to the trial court with directions to vacate one of defendant's battery convictions and resentence defendant.
Reversed and remanded.
NOTES
[*] Judge Gersten did not participate in oral argument.