HAWKES, J.
Jonathan Henry (Appellant) received a 15-year prison sentence for lewd and lascivious battery on a 70-year-old nursing home resident. The trial court ordered the sentence to run consecutive to a one-year sentence for a misdemeanor battery conviction on the same victim.
We resolve two issues. The first issue involves the clarity of the trial judge’s oral pronouncement when imposing the sentences. The second issue involves a double jeopardy violation. We affirm the first issue and reverse the second.

Factual and Procedural Background

Appellant, a male nursing home employee, was charged by amended information with abuse of an elderly person (count one) and lewd or lascivious battery upon an elderly person (count two).
A jury found Appellant guilty of misdemeanor battery, a lesser included offense to that charged in count one, and guilty as charged on count two. Appellant’s argument focuses on the following colloquy that occurred during the sentencing hearing:
THE COURT: It’s the judgment of the Court, [Appellant], that you be adjudicated guilty of the battery. And let me clarify, how much time does he have in jail?
THE CLERK: He has 649 days.
THE COURT: Okay.
And as to that battery case: Adjudication of guilt, 365 days in the Leon County Jail, credit for 365, time served, since you have a total of 600, to bq followed by a consecutive 15 years in the Department of Corrections, the balance of the credit to apply to that case.
(emphasis added).
The hearing continued. The clerk asked the trial judge to clear up what she meant when she said “the balance of the [jail] credit.” A discussion followed, in which the judge instructed the clerk to subtract the 365 days for the misdemeanor battery sentence from the 649 days he already served, and to then put the balance (284 days) toward Appellant’s 15-year sentence for the lewd and lascivious battery conviction. This discussion occurred in Appellant’s presence as part of the sentencing hearing. Appellant even assisted in answering the clerk’s question by stating the judge was “running it consecutive instead of concurrent.” The judge reiterated: “specifically, the lewd and lascivious is consecutive to the battery.”
Appellant filed a motion to correct an illegal sentence pursuant to 3.800(b)(2). Appellant argued he was never sentenced on the lewd and lascivious battery, but was instead sentenced to 16 years on the misdemeanor battery, which exceeds the one-year statutory maximum for that crime. Appellant acknowledged this may have been an oversight by the trial judge, but contended the error was irreparable because jeopardy had attached.
The trial court denied the motion finding the hearing transcript shows two separate *718 sentences were imposed on Appellant — 365 days for the misdemeanor battery, and 15 years for the lewd and lascivious battery. We agree.

The Lewd and Lascivious Battery Sentence

In reviewing a trial judge’s sentencing, an appellate court reviews the entire hearing transcript, not just a limited portion. Appellant argues he was unambiguously sentenced on only one crime— the misdemeanor battery. In fact, the converse is true. Appellant was unambiguously sentenced on two separate crimes: 15 years in the Department of Corrections on the lewd and lascivious battery, to run consecutive to one year in the Leon County Jail on the misdemeanor battery.
The sentences were so unambiguous that Appellant was able to help explain how the jail credit would work. He informed the clerk his sentences were to run consecutively instead of concurrently. Appellant knew he had two sentences. One sentence can never be consecutive or concurrent to itself.
The only potentially colorable argument Appellant could raise is that the trial judge’s oral pronouncement was ambiguous. However, even if we were to find the oral pronouncement ambiguous, the trial judge’s intent controls. See Jackson v. State, 615 So.2d 850 (Fla. 2d DCA 1993) (holding that when a trial judge’s oral pronouncement of a sentence is ambiguous, but the judge’s intention is discernible from the record, the proper sentence is what the judge intended it to be). Here, the trial judge’s intent is clear. Based on our review of the record, there is no question the trial judge intended Appellant’s 15-year sentence to be on the lewd and lascivious battery, not the misdemeanor battery. In fact, Appellant conceded in his briefs and his motion for rehearing that this was the trial judge’s intent.

The Battery Conviction and Double Jeopardy

Appellant also argues that sentencing him for both of the offenses for which he was convicted violates double jeopardy. The State concedes the two convictions arose from the same continuous criminal episode. Thus, the misdemeanor battery conviction must be vacated. See Zapata v. State, 905 So.2d 944, 945 (Fla. 3d DCA 2005) (holding where “two convictions arise from the same continuous criminal act or episode, one of the convictions must be vacated”); see also State v. Barton, 523 So.2d 152, 153 n. 3 (Fla.1988) (“In cases involving convictions of greater and lesser included offenses, it is the lesser rather than the greater sentence which is vacated.”).

Conclusion

We affirm Appellant’s 15-year sentence on his conviction for the lewd and lascivious battery on an elderly person. We reverse Appellant’s misdemeanor battery conviction. The case is remanded for the trial court to vacate the misdemeanor battery conviction and award an additional 365 days’ credit on Appellant’s 15-year sentence. We note that when a trial court strikes a portion of a sentence or otherwise makes some (even non-clerical) correction that benefits the defendant, the defendant’s presence is not required. See Donaldson v. State, 751 So.2d 174 (Fla. 1st DCA 2000) (amending sentence to allow credit for jail time). Consequently, the trial court can make the corrections to Appellant’s sentence without his presence.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN and PADOVANO, JJ., concur.