959 So.2d 790 (2007)
Antonio Deqvan WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-395.
District Court of Appeal of Florida, Second District.
June 22, 2007.
*791 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Antonio Williams appeals multiple convictions that resulted from his interaction with several Lake Wales police officers on November 10, 2004. We affirm Williams' convictions for resisting an officer with violence, battery on a law enforcement officer, possession of marijuana with intent to sell, tampering with evidence, and possession of drug paraphernalia without further comment. However, we reverse Williams' conviction for resisting an officer without violence because, under the facts of this case, that conviction constitutes a double jeopardy violation.
The evidence at trial showed that on November 10, 2004, members of the Lake Wales Police Department were looking for Williams in regards to an ongoing investigation. Early in the afternoon, Sergeant David Black spotted Williams in a group of people behind a convenience store. Sergeant Black arranged for Officer Robert Hendrix to approach Williams in his patrol car while Officer Lawrence McCalley parked his patrol car a short distance away. Officer Hendrix drove to the rear parking lot of the convenience store, got out of his patrol car, and called Williams over. As Williams approached Officer Hendrix, Sergeant Black came around the side of the convenience store on foot. When Williams saw Sergeant Black, he fled. Officer Hendrix and Sergeant Black gave chase on foot, and when Williams reached Officer McCalley's position, Officer McCalley continued the chase in his *792 patrol car. Shortly thereafter, Officer McCalley abandoned his patrol car and continued to chase Williams on foot.
Officer McCalley quickly caught up with Williams and was able to tackle him to the ground. As Williams fell, he dropped a plastic bag that contained loose marijuana and several smaller baggies of marijuana. Once on the ground, Williams struggled against Officer McCalley and refused to cooperate in being handcuffed. During the struggle, Williams bit Officer McCalley on the hand. Shortly thereafter, other officers arrived on the scene, and they were able to subdue and handcuff Williams. After Williams was transported to the police station, another small bag of marijuana was found shoved behind the seat of the patrol car used to transport him from the scene.
Based on these events, the State charged Williams with resisting an officer without violence, resisting an officer with violence, battery on a law enforcement officer, possession of marijuana with intent to sell, tampering with evidence, and possession of drug paraphernalia. After considering the evidence presented at trial, the jury convicted Williams as charged on all counts. In this appeal, Williams contends that his convictions for both resisting an officer with violence and resisting an officer without violence constitute a double jeopardy violation because both offenses arose out of a single criminal episode. We agree.
"The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). In section 775.021(4)(b), Florida Statutes (2004), the legislature specifically stated its intent that defendants be convicted and sentenced for each criminal offense committed in the course of one criminal episode or transaction. However, the legislature also set forth three exceptions to this general rule:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(b). Multiple convictions for offenses that fall within these statutory exceptions violate the constitutional provision that protects against double jeopardy.[1]
When considering section 775.021(4)(b) in the context of resisting offenses, courts have uniformly held that separate convictions for resisting arrest with violence and resisting arrest without violence are prohibited when the acts of resisting occurred as part of a single criminal episode. See, e.g., Wallace v. State, 724 So.2d 1176, 1181 (Fla.1998); Johnson v. State, 747 So.2d 1027, 1027 (Fla. 2d DCA 1999); Madison v. State, 777 So.2d 1175, 1175 (Fla. 5th DCA 2001). This is so because the elements of the lesser offense of resisting without violence are subsumed within the greater offense of resisting with violence. Swilley v. State, 845 So.2d 930, 933 (Fla. 5th DCA 2003); see also § 775.021(4)(b)(3). Thus, Williams' separate convictions for both resisting with violence and resisting without violence are barred by section 775.021(4)(b)(3), and thus constitute a double jeopardy violation, if the acts supporting the convictions occurred during the course of a single criminal episode.
*793 In determining whether offenses arise from a single criminal episode, courts must consider (1) whether separate victims are involved; (2) whether the crimes occurred in separate locations; and (3) whether there has been a temporal break between the incidents. Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001). When considering the issue of what constitutes a criminal episode in the context of resisting charges, courts have held that a defendant's continuous resistance to a single ongoing attempt to effectuate his arrest constitutes a single episode of resisting. See Wallace, 724 So.2d at 1181; Madison, 777 So.2d at 1175. Moreover, a defendant's flight from officers does not, by itself, transform a single continuous resistance into separate criminal episodes merely because the defendant's flight resulted in his arrest at a different location from where the detention originated. See, e.g., Goodman v. State, 801 So.2d 1012 (Fla. 4th DCA 2001) (holding that a defendant, who initially ran from officers who were attempting to detain him and who, when caught after a chase, elbowed the officers who were trying to handcuff him, could not be convicted of both resisting with violence and resisting without violence because all the acts of resisting were part of one continuous episode); Fogle v. State, 754 So.2d 878 (Fla. 1st DCA 2000) (holding that a defendant who, after being told he was under arrest, struck an officer, fled, and then struck additional officers after he was caught could not be convicted of both resisting with violence and resisting without violence since his actions arose out of a single continuous effort to avoid arrest).
The facts in this case show that Williams was engaged in a single episode of continuous resistance to a single attempt to effectuate his arrest. The evidence established that Williams fled from Officers Hendrix and Black, who immediately gave chase and who were joined in that chase by Officer McCalley. Officer McCalley caught up with Williams and tackled him. After being tackled, Williams continued to struggle, but ultimately he was handcuffed and taken to jail. While none of the officers specifically testified to the total length of the chase, based on their testimony concerning the events, the entire chase appears to have lasted several blocks at most. At least two of the victims of the alleged offenses were the same, and there was no temporal break between Williams' act of nonviolent resistance by running and his act of violent resistance when caught. Therefore, Williams' two offenses arose out of a single criminal episode, and the constitutional protection against double jeopardy bars separate convictions.
In this appeal, the State relies on the Fifth District case of Vasquez, 778 So.2d 1068, to support the propriety of separate convictions for these offenses; however, the State's reliance on Vasquez is misplaced. In Vasquez, the defendant originally resisted his arrest at a restaurant. Id. at 1069. He was ultimately arrested and taken from the restaurant to the police station, where the police attempted to go through various booking procedures. Id. Vasquez was then placed in a holding cell to await transport to the jail facility. Id. When the time arrived to put Vasquez in the van for transport from the police station to the jail, Vasquez again resisted. Id. The Fifth District reversed one of the two resisting convictions that arose from the events at the restaurant, noting that those two offenses arose from a single criminal episode. Id. at 1070. However, the court affirmed the separate resisting conviction that arose from Vasquez's subsequent conduct at the police station because there was clearly a temporal break between the two events. Id.
In this case, unlike in Vasquez, there was no temporal break between Williams' *794 two acts of resistance. Once Williams fled from the officers, they immediately gave chase and caught him a short distance away. At that point, Williams' resistance became violent rather than nonviolent. Unlike in Vasquez, there were no acts of resisting followed by unrelated events followed by new acts of resisting. Therefore, the State's reliance on this case is unavailing.
Because Williams' convictions for resisting with violence and resisting without violence occurred during the course of a single criminal episode, convictions for both offenses constitute a double jeopardy violation. Therefore, we reverse Williams' conviction for the lesser offense and remand for resentencing. See Goodman, 801 So.2d at 1014 (holding that conviction for resisting without violence should be vacated due to the constitutional protection against double jeopardy); Madison, 777 So.2d at 1175 (affirming a resisting with violence conviction and reversing a resisting without violence conviction because of the undisputed evidence of violence).
Affirmed in part; reversed in part; and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] U.S. Const. amend. V.; art. I, § 9, Fla. Const.