974 So.2d 1173 (2008)
Alwin TUMBLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2285.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Alwin Tumblin timely appeals convictions for battery on a law enforcement officer, resisting an officer with violence, and resisting an officer without violence.
The charged offenses occurred in a family courtroom during a juvenile dependency proceeding involving Tumblin's youngest daughter. Tumblin was in custody facing a pending murder charge and appeared before the magistrate in an orange jail jumpsuit and restraints. Tumblin wanted to address the court, and was allowed to do so, but after interrupting, the magistrate ordered Tumblin be removed. Tumblin resisted and a struggle ensued in which a deputy's finger was broken and another deputy was spit at.
Tumblin argues he was deprived of his right to a fair trial when his attorney permitted the jury to learn that Tumblin was wearing a prison jumpsuit, was restrained, and faced a pending murder charge at the time of the juvenile dependency *1174 proceeding. There was no error as it appears those facts were necessary to explain the circumstances of the events that transpired before the magistrate.
Tumblin further argues that he should not have been convicted of both resisting an officer with violence and resisting an officer without violence as both offenses arose from a single criminal episode. He claims convictions for both offenses violate his constitutional protection against double jeopardy. We agree.
We remand for resentencing as convictions for resisting arrest with violence and resisting arrest without violence are prohibited when the acts of resisting occurred as part of a single criminal episode. The lesser charge should be vacated. See Williams v. State, 959 So.2d 790 (Fla. 2d DCA 2007).
Affirmed in part, reversed in part, and remanded.
STONE and MAY, JJ., concur.