ALTENBERND, Judge.
 

 Luis C. Ruiz-Alegria appeals his convictions for resisting an officer with violence, resisting an officer without violence, and driving without a valid driver’s license. We conclude that principles of double jeopardy prevent the dual convictions for resisting an officer under the facts in this case. Accordingly, we reverse the misdemeanor conviction and sentence for resisting an officer without violence. This reversal does not affect Mr. Ruiz-Alegria’s sentences for the other two convictions.
 

 In February 2007, a Hillsborough County deputy sheriff observed Mr. Ruiz-Aleg-ria commit a traffic violation in his pickup truck. The deputy ran a check of the truck’s license plate and found an outstanding warrant for Mr. Ruiz-Alegria’s arrest. The deputy stopped the truck, but Mr. Ruiz-Alegria and his passenger fled on foot. The deputy called for assistance. Three additional deputies — deputies Woods, Goff, and Catlin — soon arrived at the scene. These deputies collectively chased Mr. Ruiz^-Alegria into a stand of trees. He refused their commands to come out and physically resisted their efforts to arrest him.
 

 For this conduct, the State charged Mr. Ruiz-Alegria with one count of resisting arrest with violence and one count of resisting arrest without violence, identifying as victims deputies “Woods or Goff or Catlin,” in each count. The information did not identify the deputy who initiated the traffic stop or make any allegation that Mr. Ruiz-Alegria resisted or eluded that officer. After a bench trial, the trial court found Mr. Ruiz-Alegria guilty as charged. For the misdemeanor resisting offense, he received a sentence of time served that was concurrent with a longer sentence for resisting with violence and a sentence for an unrelated conviction for child abuse. The .2 points on the scoresheet for the misdemeanor clearly did not affect his sentences for the other offenses.
 

 The only issue identified on appeal is whether the convictions for resisting without violence and with violence in this context violated double jeopardy. In a very similar case, this court held that a defendant’s conduct that begins as resisting without violence and evolves into resisting with violence does not permit two convictions so long as the conduct occurs in a single criminal episode.
 
 See Williams v. State,
 
 959 So.2d 790 (Fla. 2d DCA 2007). Although it is likely that the State in this case could have charged a separate episode involving the officer who stopped Mr. Ruiz-Alegria, and may even have established separate offenses if it had not alleged the three deputies as alternative victims in this case, under the allegations in the information and the proof at trial, these two offenses arose within a single criminal episode and can support only one conviction.
 

 While this case was pending on appeal, the Florida Supreme Court decided
 
 Valdes v. State,
 
 3 So.3d 1067 (Fla.2009). We allowed the parties to supplement their briefing as a result. The State responded that, even in light of
 
 Valdes,
 
 the outcome of this case would not change unless we were to find a temporal break between Mr. Ruiz-Alegria’s offenses, recede from
 
 Williams,
 
 or determine that the offenses do not fall under an exception provided under section 775.021(4)(b), Florida Statutes (2006). Having found no occasion to apply
 
 Valdes
 
 to this case or to recede from
 
 Williams,
 
 we reverse the misdemeanor conviction and sentence for resisting an officer without violence, but affirm in all other respects.
 

 
 *1278
 
 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and KELLY, JJ., Concur.