SILBERMAN, Chief Judge.
Christopher D. Ward seeks review of the order denying his motion for postcon-viction relief, which was filed pursuant to Florida Rule of Criminal Procedure 3.850, after an evidentiary hearing. Ward raised sixteen claims in his motion, and the post-conviction court summarily denied all of those claims but claim eight which it denied after a hearing. We affirm the denial of relief on all of Ward’s claims with the exception of claims 6(e) and ten.
The charges arose in 2008 after a police officer attempted to conduct a traffic stop of Ward’s vehicle as it exited a nightclub in Fort Myers. Ward engaged the police in a high-speed chase that ended with Ward’s vehicle crashing into a tree and Ward and his passenger fleeing on foot. A police officer died after another patrol car crashed into his car during the chase. A jury found Ward guilty of second-degree felony murder, resisting an officer with violence, resisting an officer without violence, and two counts of battery on a law enforcement officer. The trial court sentenced him to concurrent terms of 258.1 months in prison followed by five years of probation on the murder charge, five years in prison on the remaining felony charges, and time served on the misdemeanor charge of resisting an officer without violence.
In claim 6(e) of his rule 3.850 motion, Ward argued that trial counsel was ineffective for failing to object to dual charges for resisting an officer because they arose from the same criminal episode. The resisting charges occurred at the beginning of the encounter when Officers Lehman and Thomas attempted to effectuate the traffic stop. Dual convictions for resisting two different officers violate double jeopardy if they arise out of the same episode. Wallace v. State, 724 So.2d 1176, 1181 (Fla.1998). Moreover, “a defendant’s flight from officers does not, by itself, transform a single continuous resistance into separate criminal episodes merely because the defendant’s flight resulted in his arrest at a different location from where the detention originated.” See Williams v. State, 959 So.2d 790, 793 (Fla. 2d DCA 2007). Because Ward resisted Officers Lehman and Thomas by fleeing from the attempted traffic stop, it appears that the dual resisting convictions were improper. Accordingly, the postconviction court erred in summarily denying relief on this claim.
In claim ten of his rule 3.850 motion, Ward argued that counsel was ineffective for failing to object to the presence of uniformed officers in the audience. The *5 presence of uniformed officers in the audience may constitute denial of the right to a fair trial if it resulted in actual or inherent prejudice to the defendant. See Shootes v. State, 20 So.3d 434, 438 (Fla. 1st DCA 2009). To show actual prejudice, a defendant must establish “some indication or articulation by a juror or jurors that they were conscious of some prejudicial effect.” Id. To show inherent prejudice, a defendant must establish “that there was an unacceptable risk of impermissible factors coming into play.” Id. The appearance of a “considerable number” of police officers in uniform may present such an unacceptable risk of impermissible factors. See, e.g., id. at 439; Woods v. Dugger, 923 F.2d 1454, 1459 (11th Cir.1991). “Where a substantial number of uniformed or otherwise identffiably garbed officers are not present for the purpose of preserving order in the courtroom or to provide testimony in the proceedings, a jury is susceptible to the impression that the officers are there ‘to communicate a message to the jury.’” Shootes, 20 So.3d at 439 (quoting Woods, 923 F.2d at 1459).
Ward alleged that there were enough officers in the audience to make “the courtroom look like a policeman’s benefit.” He also explained that the sensitive nature of the case involving the death of a law enforcement officer made the jury even more susceptible to any message from the officers’ presence. Ward alleged that the officers’ “show of gallantry influenced the jury to convict this defendant out of fear and sympathy, rather than because the State had proven its case beyond a reasonable doubt.” These allegations raise a facially sufficient claim counsel was ineffective for failing to object to the presence of uniformed law enforcement officers. Accordingly, the postcon-viction court erred in summarily denying relief on this claim.
In conclusion, we affirm the denial of Ward’s rule 3.850 motion with the exception of claims 6(e) and ten. We remand for the postconviction court to either attach portions of the record conclusively refuting those claims or to conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
WHATLEY and NORTHCUTT, JJ., Concur.