# Third District Court of Appeal

**State of Florida**

Opinion filed May 17, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-537 & 3D15-2389
Lower Tribunal No. 14-11607
_____

**Jerry Weaver,**
Appellant/Cross-Appellee,

vs.

**The State of Florida,**
Appellee/Cross-Appellant.


Appeals from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant/cross-appellee.

Pamela Jo Bondi, Attorney General, and Jay E. Silver and Joanne Diez, Assistant Attorneys General, for appellee/cross-appellant.


Before EMAS, FERNANDEZ and LUCK, JJ.

EMAS, J.

The defendant, Jerry Weaver, was charged with three first-degree felonies of aggravated child abuse by malicious punishment (in violation of section 827.03(1)(a)2., Florida Statutes (2014)), committed upon his daughter, Y.M., all acts allegedly occurring on May 18, 2014.[1]

Following a jury trial, Weaver was found guilty as charged in Counts One and Three. As to Count Two, Weaver was found guilty of the lesser-included offense of child abuse, a third-degree felony (section 827.03(2)(c), Florida Statutes (2014)). The trial court entered judgments of conviction for each of these offenses. Thereafter, the trial court granted Weaver's motion to vacate the judgments on Counts Two and Three, and dismissed those counts on double jeopardy grounds, concluding that the actions by Weaver upon Y.M. (as set forth in the three counts of the Information) constituted a single criminal episode, occurring in a continuous, uninterrupted sequence, without any significant temporal or spatial break.

Weaver appeals from his judgment and sentence on Count One for the crime of aggravated child abuse, contending that the State's improper closing arguments and the trial court's erroneous evidentiary rulings require a new trial. The State

---

[1] Count One alleged Weaver maliciously punished Y.M. by whipping Y.M. repeatedly with a cable cord; Count Two alleged Weaver maliciously punished Y.M. by punching Y.M. in the stomach; Count Three alleged Weaver maliciously punished Y.M. by stepping on Y.M.'s neck.

cross-appeals the trial court's vacatur of the judgments and dismissal of Counts Two and Three of the Information.

We affirm the judgment and sentence on Count One. Upon our review of the record, we hold that the trial court did not error in denying the defense motion in limine seeking to restrict the testimony of the State's expert, Dr. Lambert. See Gutierrez v. State, 739 So. 2d 1175 (Fla. 3d DCA 1999). We also hold that the State's closing arguments, read in context, were not improper, and even if they could be construed as improper, were harmless beyond a reasonable doubt.[2] See State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986).

We also affirm the State's cross-appeal. We find no error in the trial court's determination that the acts alleged in Counts Two and Three arose out of the same, single criminal episode as Count One, involving a continuous series of events occurring over a matter of a few minutes with no temporal or spatial break. The trial court therefore properly dismissed Counts Two and Three on double jeopardy grounds. See Zapata v. State, 905 So. 2d 944 (Fla. 3d DCA 2005) (holding double jeopardy barred convictions for two counts of battery, where defendant's acts constituted a single criminal episode upon a single victim, in a continuous series of events: defendant grabbed the victim by her legs and neck, dragged her to the sidewalk, proceeded to beat the victim's head against a wall, and then beat her

---

[2] We find the other claims raised by Weaver are without merit and warrant no further discussion.

3

head against a car); <u>Harris v. State</u>, 111 So. 3d 922 (Fla. 1st DCA 2013) (holding double jeopardy barred convictions for both felony battery and domestic violence by strangulation, where defendant's acts constituted a single criminal episode upon a single victim, in a continuous series of events: the altercation between the defendant and his girlfriend began on the patio of their home, at which time defendant grabbed her, pushed her, and put his fingers in her nose and mouth, and the altercation continued until the pair landed in the yard on the ground, with defendant sitting on his girlfriend and choking her); <u>Olivard v. State</u>, 831 So. 2d 823 (Fla. 4th DCA 2002) (holding double jeopardy barred convictions for both battery and aggravated battery, where defendant's acts constituted a single criminal episode upon a single victim, in a continuous series of events: defendant struck victim with a bicycle pump, wrestled him to the ground, and then bit his ear off).

Affirmed.