754 So.2d 877 (2000)
Michael Edwin MARCINIAK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1841.
District Court of Appeal of Florida, First District.
April 12, 2000.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The trial court's order dismissing/denying appellant's motion pursuant to Florida Rule of Criminal Procedure 3.800(a) is affirmed in part and reversed in part.
Appellant's first claim is that he was improperly assessed points for prior convictions for which adjudication was withheld. The trial court dismissed the motion without prejudice to raise the claim in a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. That part of the order is affirmed.
Appellant also claims that his sentence is illegal for failure to comport with section 921.001(5)[1], Florida Statutes, which provides in pertinent part:
A person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose minimum recommended sentence is less than 22 months in state prison may be sentenced to a term of incarceration not to exceed 22 months.
Appellant's scoresheet reflects a recommended sentence range of 20.7 to 34.6 months state prison.[2] Thus, appellant's minimum recommended sentence would be 20.7 months state prison incarceration, and *878 the sentencing limitation in section 921.001(5) would apply. Therefore, appellant's 34-month state prison sentence is illegal. The order denying his 3.800(a) motion is reversed and the cause remanded for resentencing.
We recognize that with the exception of calculation errors in a sentencing guideline scoresheet, rule 3.800(a) may not be used to correct sentencing guideline errors. See Davis v. State, 661 So.2d 1193 (Fla.1995). The error in the present case, however, is not merely an error in applying the guidelines. To the contrary, the effect of the trial court's error was to impose a sentence greater than the maximum sentence authorized by law. Thus, the sentence qualifies as an "illegal sentence" within the meaning of rule 3.800(a). As the Supreme Court explained in State v. Mancino, 714 So.2d 429, 433 (Fla.1998), "[a] sentence that patently fails to comport with statutory or constitutional limitations is by definition "illegal"." Because the sentence imposed in this case is illegal, it may be corrected pursuant to a rule 3.800(a) motion.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., CONCUR.
NOTES
[1] Appellant's motion refers to the guidelines analog to this statute, Rule 3.703(d)(27), Florida Rules of Criminal Procedure.
[2] The Florida Supreme Court has held that the range arrived at by increasing or decreasing the median recommended sentence under the sentencing guidelines is the "recommended range." See Mays v. State, 717 So.2d 515, 515 (Fla.1998).