764 So.2d 659 (2000)
Christopher Darnell JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-528.
District Court of Appeal of Florida, First District.
May 17, 2000.
Nancy A. Daniels, Public Defender; Carol Ann Turner, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant challenges his convictions and sentences for resisting an officer with violence and resisting an officer without violence. We find two issues which require reversal: (1) Appellant's dual convictions for resisting an officer with violence and resisting an officer without violence violated the constitutional protection against double jeopardy; and (2) appellant's 25-month sentence for the crime of resisting an officer with violence constituted an illegal sentence in that it exceeded the statutory maximum of 22 months set forth in section 921.001(5), Florida Statutes (1997).
The state's case against appellant consisted entirely of testimony from Deputy Michael Sims of the Escambia County Sheriffs Office. In his testimony, Deputy Sims related the following facts. On January 3, 1998, he was in uniform on patrol in his marked patrol unit in the neighborhood where he grew up. He saw appellant walking down the street, recognized appellant because they had both gone to the same high school together, and proceeded to run a warrant check on appellant. Deputy Sims discovered from his warrant check that appellant had an outstanding *660 warrant for his arrest. Deputy Sims then stopped his vehicle and attempted to arrest appellant. After Deputy Sims told appellant he was under arrest, appellant physically resisted arrest by fighting Deputy Sims and running away despite the officer's demands to stop resisting.
Based upon this testimony, the jury found appellant guilty of both resisting an officer with violence and resisting an officer without violence. The sentencing guidelines scoresheet prepared for appellant's sentencing showed that appellant had one prior felony conviction. This scoresheet also showed a minimum recommended sentence of 15.15 months' imprisonment and a maximum recommended sentence of 25.25 months' imprisonment. Appellant was sentenced by the trial court to 25 months' imprisonment for the felony of resisting an officer with violence, and 6 months' imprisonment for the misdemeanor of resisting an officer without violence. These sentences were ordered to be served concurrently.
In Sirmons v. State, 634 So.2d 153 (Fla.1994), and State v. Anderson, 695 So.2d 309 (Fla.1997), the supreme court held that a defendant cannot be convicted of two offenses which are merely degree variants of the same underlying core offense. In Anderson, the court noted that two offenses can be degree variants of the same offense if they share a common core offense, notwithstanding the fact that they may not be specifically identified as degrees of the same offense within the statutes. See Anderson, 695 So.2d at 311. Both offenses for which appellant was convicted share the same common core criminal conduct, resisting an officer. Appellant's actions also constituted one continuous criminal act without any break. Under these circumstances, appellant could not be convicted of both resisting an officer with violence and resisting an officer without violence.
Section 921.001(5), Florida Statutes (1997), states in pertinent part as follows:
A person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose minimum recommended sentence is less than 22 months in state prison may be sentenced to a term of incarceration not to exceed 22 months.
Id. (emphasis added). Appellant committed his offenses after July 1, 1997. He has at least one prior felony conviction as reflected on his scoresheet. The minimum recommended sentence reflected on his sentencing guidelines scoresheet was 15.15 months, which is less than 22 months. Under section 921.001(5), Florida Statutes (1997), the maximum sentence appellant could have received for the crime of resisting arrest with violence was 22 months. See Marciniak v. State, 754 So.2d 877 (Fla. 1st DCA 2000).
Appellant's conviction and sentence for resisting an officer without violence are reversed. Appellant's sentence for resisting an officer with violence is quashed. The case is remanded to the circuit court for resentencing, in accordance with section 921.001(5), Florida Statutes (1997), on the offense of resisting an officer with violence.
BARFIELD, C.J., and ERVIN, J., concur.