SHARP, W., J.
Jackson appeals from a summary denial of his motion to correct an illegal sentence which was filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He asserts his four-year sentence received for possession of cocaine is illegal because it exceeds the twenty-two month term specified in section 921.001(5), Florida Statutes. We affirm.
The record shows that Jackson committed the crimes of possession of cocaine[1] and possession of drug paraphernalia[2] on April 11, 1999, and that he was convicted on September 8, 1999. This court affirmed without opinion. Jackson v. State, 763 So.2d 341 (Fla. 5th DCA 2000). At the time of his sentencing, he had one prior felony conviction and his minimum recommended sentence, based on his scoresheet, was 16.2 months. The sentencing judge gave no written reasons for an upward departure sentence.
*960 The trial court concluded that section 921.001(5) is “permissive,” and because the sentencing judge could have imposed the maximum statutory sentence of five years, Jackson’s four-year sentence is legal. Section 921.001(5), Florida Statutes (1997) provides:
Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings. However, a person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose recommended sentence is any nonstate prison sanction may be sentenced to community control or a term of incarceration not to exceed 22 months. A person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose minimum recommended sentence is less than 22 months in state prison may be sentenced to a term of incarceration not to exceed 22 months, (emphasis added)
The First District Court of Appeal has interpreted this statute as imposing a statutory limitation on length of sentence, if a defendant meets the requirements. See Draper v. State, 782 So.2d 522 (Fla. 1st DCA 2001) (under section 921.001(5), appellant’s sentence of 26 months was illegal because it exceeded the statutory maximum of 22 months; defendant committed the crime on August 7, 1998, had a prior felony conviction, and his minimum recommended sentence was 18.3 months); Jones v. State, 764 So.2d 659 (Fla. 1st DCA 2000) (maximum sentence defendant could receive was 22 months where he had one prior felony conviction and a minimum recommended sentence of 15.15 months); Marciniak v. State, 754 So.2d 877 (Fla. 1st DCA 2000) (defendant’s 34 month sentence was illegal where sentencing limitation in section 921.001(5) applied).
It appears this section is designed to grant the trial court discretion to increase a defendant’s sentence beyond the range set by the guidelines, up to 22 months, and to make unnecessary the filing of written reasons for an upward departure, in cases where the defendant has one prior felony conviction. Whether the judge can legally impose a sentence which is greater than 22 months, without written reasons in a case where the guidelines are exceeded, is problematic.
We do not reach that question here because section 921.001 was repealed effective October 1, 1998, and it remains in effect only as to crimes committed before that date. Ch. 97-194, § 1, Laws of Fla. Section 921.002, et seq., The Florida Criminal Punishment Code, applies to felonies committed on or after October 1, 1998. Ch. 97-194, § 2, Laws of Fla.
Jackson committed the crimes involved in this case on April 11, 1999. Thus the new Code is controlling. Section 921.002(l)(g) of the Code provides that the court may impose a sentence up to and including the statutory maximum for any offense. Since the statutory maximum sentence in this case is five years, Jackson’s four-year sentence is legal. It appears the sentencing cycle has come full circle. We first had unmeasured trial court discretion in sentencing up to the statutory maximum. We tried guidelines and limitations on sentencing discretion. We advanced to increasingly fewer limitations and more sentencing discretion. And now we return to where we began.
AFFIRMED.
PLEUS and ORFINGER, R.B., JJ„ concur.

. § 893.13(6)(a), Fla. Stat.

. § 893.147(1), Fla. Stat.