845 So.2d 930 (2003)
Desmond SWILLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3315.
District Court of Appeal of Florida, Fifth District.
April 25, 2003.
*931 James B. Gibson, Public Defender and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Desmond Swilley (defendant) appeals his judgments and sentences claiming that two of his five convictions violate his right to be free from double jeopardy.[1] Concluding that his convictions on the charges of resisting arrest with violence and resisting arrest without violence violate the double jeopardy clause, we vacate the conviction and sentence on the misdemeanor charge of resisting arrest without violence and remand for resentencing. We affirm as to all other matters.
The defendant was charged with committing five separate crimes arising out of his attempt to avoid arrest for participating in a controlled drug transaction. The charges brought consisted of aggravated assault with a deadly weapon on a law *932 enforcement officer, aggravated battery with a deadly weapon on a law enforcement officer, resisting an officer with violence, aggravated fleeing or attempting to elude a law enforcement officer causing injury or damage, and resisting an officer without violence.[2] He was convicted on all counts and now contends that three double jeopardy violations occurred:
1. His convictions for resisting an officer with violence and for resisting an officer without violence violate the double jeopardy clause;
2. His convictions for resisting arrest with violence and aggravated assault on a law enforcement officer violate the double jeopardy clause; and,
3. His convictions for resisting arrest with violence and aggravated battery on a law enforcement officer violate the double jeopardy clause.
We agree as to the defendant's first contention, but disagree as to the others.
"The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17 (Fla.2001)(quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). To that end, section 775.021(4)(b) of the Florida Statutes (1999) mandates the imposition of convictions and sentences for each criminal offense committed in the course of one criminal episode, but at the same time the statute sets forth three exceptions to this mandate. The statute provides that the imposition of multiple convictions and sentences is not authorized for crimes committed in the course of one criminal episode in cases where one of the following three circumstances exist:
(1) the offenses require identical elements of proof,
(2) the offenses are degrees of the same offense as provided by statute, or
(3) the lesser offense has elements which are subsumed by the greater offense.
Thus, the issue for determination here is whether any of the defendant's crimes fall within any of these three categories. If so, then the imposition of separate convictions and sentences is prohibited. If not, then no double jeopardy violation exists.
The defendant first argues that his conviction on count V for resisting arrest without violence must be struck on the basis of double jeopardy because his conviction on count III for resisting with violence occurred during the course of the same criminal episode.
In count V, the defendant was charged with resisting an officer without violence[3] based upon evidence indicating he failed to comply with an officer's instructions to get on the ground. In count III, the defendant was charged with resisting police officers with violence[4] based upon evidence *933 indicating that he placed his car in reverse and then drove it towards one officer and then into a vehicle occupied by another officer in an attempt to avoid arrest.
In Madison v. State, 777 So.2d 1175 (Fla. 5th DCA 2001), our court explained that a defendant can be convicted of both resisting arrest with violence and resisting arrest without violence for conduct committed during the course of one continuous criminal episode only if those convictions address two separate acts of resisting, and that a continuous resistance to the ongoing attempt to effect a defendant's arrest constitutes a single instance of resisting an officer. Accord Jones v. State, 764 So.2d 659 (Fla. 1st DCA 2000). Separate convictions are prohibited because the lesser offense of resisting without violence has elements which are subsumed by the greater offense of resisting with violence. Since both of the defendant's convictions were based upon his ongoing attempts to avoid arrest they violate the defendant's double jeopardy rights. Accordingly, the defendant's conviction and sentence on the misdemeanor charge of resisting without violence must be reversed. See Goodman v. State, 801 So.2d 1012 (Fla. 4th DCA 2001)(holding that defendant could not be convicted of both resisting arrest with violence and resisting arrest without violence arising out of continuous single episode involving the defendant's attempt to avoid one arresting officer, and thus reversal of conviction of resisting arrest without violence was required).
The defendant next argues that his conviction on count III for resisting arrest with violence must be reversed because his conviction on count I for aggravated assault on a law enforcement officer was based upon the same underlying criminal actions. We disagree.
Count I of the information charged the defendant with committing the crime of aggravated assault based upon the evidence indicating that he drove his car in an officer's direction. As noted above, count III charged the defendant with resisting arrest with violence based upon those same facts. However, applying the three-part statutory analysis, there is no statutory prohibition against imposing dual convictions based upon the instant facts, regardless of the fact that they were committed in the course of one criminal episode, because the offenses of aggravated assault and resisting arrest with violence do not require identical elements of proof. The crime of assault is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." See § 784.011, Fla. Stat. (1999). An aggravated assault is defined as follows:
784.021. Aggravated assault
(1) An "aggravated assault" is an assault:
(a) With a deadly weapon without intent to kill....
§ 784.021(1)(a) Fla. Stat. (1999). In contrast, section 843.01 of the Florida Statutes (1999) defines the crime of resisting an officer with violence as follows:
843.01. Resisting officer with violence to his or her person
Whoever knowingly and willfully resists, obstructs, or opposes any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person *934 of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Furthermore, it is apparent that the two offenses are not degrees of the same offense as provided by statute, nor does either offense have elements which are subsumed by the other. As such, imposition of separate convictions for these crimes is authorized under Florida law. See § 775.021, Fla. Stat. (1999).
Lastly, the defendant argues that his conviction on count III for resisting arrest with violence must be reversed because his conviction on count II of aggravated battery on a law enforcement officer was based upon the same underlying criminal actions. Both counts were based upon evidence indicating that the defendant used his car to back into a cab which was occupied by a police officer. We again disagree.
The Florida Statutes define the crime of battery as occurring when a person "actually and intentionally touches or strikes another person against the will of the other" or "intentionally causes bodily harm to another person." See § 784.03, Fla. Stat. (1999). The crime of aggravated battery is defined as follows:
784.045. Aggravated battery
(1)(a) A person commits aggravated battery who, in committing battery:
* * *
2. Uses a deadly weapon.
§ 784.045, Fla. Stat. (1999). Review of these statutory elements in relation to the elements set forth in the resisting with violence statute reveals that no double jeopardy violation exists. To that end, it is clear that (1) the offenses do not require identical elements of proof, (2) the offenses are not degrees of the same offense as provided by statute, and (3) neither offense has elements which are subsumed by the other.
AFFIRMED in part, REVERSED in part, REMANDED.
THOMPSON, C.J., and PETERSON, J., concur.
NOTES
[1] See U.S. Const. amend. V; art. 1 § 9, Fla. Const.
[2] See §§ 784.021(1)(a), 784.07(2)(c), 775.0823(10), 784.045, 784.07, 775.0823, 843.01, 316.1935(4), 316.061, 316.027, 843.02, Fla. Stat. (1999).
[3] Section 843.02 of the Florida Statutes (1999) defines the crime of resisting an officer without violence, in pertinent, as follows:

843.02. Resisting officer without violence to his or her person
Whoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[4] Section 843.01 of the Florida Statutes (1999) defines the crime of resisting an officer with violence, in pertinent, part as follows:

843.01. Resisting officer with violence to his or her person
Whoever knowingly and willfully resists, obstructs, or opposes any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.