ORFINGER, J.
In this Anders[1] appeal, Stephen Barnes, pro se, appeals his convictions for robbery and grand theft. On appeal, he contends that his dual convictions, which arose out of a single taking of a woman’s purse, violate the double jeopardy clauses of the state and federal constitutions. The State concedes that in Sirmons v. State, 634 So.2d 153 (Fla.1994), the supreme court held that dual convictions for grand theft and robbery of the same property violate the double jeopardy prohibition. However, it argues that because the error was not preserved by presenting it to the trial court for consideration, it cannot be raised for the first time on appeal. Because case law has concluded such errors are fundamental, we disagree.
Unless knowingly and intentionally waived in the plea bargaining process, a double jeopardy violation is a fundamental error that can be raised for the first time on direct appeal or in postconviction proceedings. See Lippman v. State, 633 So.2d 1061 (Fla.1994); State v. Johnson, 483 So.2d 420 (Fla.1986); Barfield v. State, 871 So.2d 929 (Fla. 5th DCA 2004); Davis v. State, 775 So.2d 427 (Fla. 5th DCA 2001).
As a result, we affirm Barnes’s conviction and sentence for robbery, but reverse his conviction and sentence for grand theft. We remand the matter to the trial court for resentencing. See Swilley v. State, 845 So.2d 930 (Fla. 5th DCA 2003).
We find no merit in the remaining issues.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA, C.J. and SHARP, W, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).