DAVIS, Judge.
 

 Harry William Smith, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), alleges that his appellate counsel was ineffective in failing to argue that his convictions for battery on a person sixty-five years of age or older
 
 [1]
 
 and felony battery as a second offense
 
 [2]
 
 violated the proscription against double jeopardy because both offenses arose from a single episode in which Smith pushed his mother.
 
 [3]
 

 On June 7, 2006, Smith entered an open plea to the charges, and nothing in the record indicates that he waived his protection against double jeopardy. The factual basis presented by the prosecutor was merely that “[wjhile inside [the victim’s home], the defendant pushed the victim in the chest.” The trial court accepted the plea and sentenced Smith to consecutive terms of five years’ imprisonment on each count, the maximum sentences for third-degree felonies. Smith timely filed his notice of appeal. However, Smith’s appellate counsel did not raise the double jeopardy issue on appeal, and on September 5, 2007, this court affirmed Smith’s conviction and sentences.
 
 See Smith v. State,
 
 963 So.2d 713 (Fla. 2d DCA 2007) (table decision). Smith’s petition now alleges that his appellate counsel was ineffective for failing to raise the double jeopardy issue on appeal.
 
 [4]
 

 To obtain relief, Smith’s burden is twofold. First, he must show that his attorney was deficient in his representation of Smith on appeal. To that end, Smith alleges in his petition that his attorney failed to argue on appeal that the consecutive sentences for the battery on a person over sixty-five and the battery as a second offense violated his double jeopardy rights. Our review of the record reveals that Smith is correct that his attorney failed to raise this issue on appeal. The Florida Supreme Court has stated the second prong in the negative as follows: “[A] petitioner cannot prevail on a claim of ineffective assistance of appellate counsel ‘if a legal issue “would in all probability have been found to be without merit” had counsel raised the issue on direct appeal.’”
 
 Lowe v. State,
 
 2 So.3d 21, 42 (Fla.2008) (quoting
 
 Rutherford v. Moore,
 
 774 So.2d 637, 643 (Fla.2000)). Accordingly, to resolve the issue raised by Smith in his petition, we must decide whether this court “in all probability” would have found the issue to have been without merit had Smith’s appellate counsel raised it on direct appeal in 2006.
 

 In reaching this decision, we must review the status of the law related to this double jeopardy issue at the time of the direct appeal. In determining whether multiple convictions and sentences for offenses that arise from a single criminal
 
 *419
 
 episode violate double jeopardy principles, the court must first address whether the legislature intended to authorize separate punishments for each offense.
 
 Kelso v. State,
 
 961 So.2d 277, 279 (Fla.2007). Absent the express intent of the legislature, courts historically have applied the test enunciated in
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to this analysis.
 
 See, e.g., Gordon v. State,
 
 780 So.2d 17 (Fla.2001),
 
 receded from, Valdes v. State,
 
 3 So.3d 1067 (Fla.2009).
 

 The
 
 Blockburger
 
 test is codified in section 775.021(4)(a), Florida Statutes (2005), which states in part, “For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.” Subsection (4)(b) states that it is the intent of the legislature to allow for separate convictions and punishments “for each criminal offense committed in the course of one criminal episode or transaction.” However, “[exceptions to this rule of construction are: (1) [o]ffenses which require identical elements of proof[;] (2) [ojffenses which are degrees of the same offense as provided by statute[; and] (3) [ojffenses which are lesser offenses[,] the statutory elements of which are subsumed by the greater offense.” § 775.021(4)(b).
 

 Based on the facts of the instant case, the first and third exceptions do not apply here. However, the second exception may apply to Smith’s case depending upon how the case law interpreting the legislature’s intent is applied to the facts presented on appeal. As of the time of the direct appeal, the Florida Supreme Court had interpreted this exemption several times. In
 
 Sirmons v. State,
 
 634 So.2d 153, 154 (Fla.1994), the supreme court articulated the exception as pertaining to offenses that “are merely degree variants of the [same] core offense.” Later, the court defined the subsection (2) exception as applying to “crimes intended] to punish the same primary evil.”
 
 See State v. Paul,
 
 934 So.2d 1167, 1175 (Fla.2006);
 
 see also State v. Florida,
 
 894 So.2d 941, 948-49 (Fla.2005).
 
 [5]
 

 In considering the issue of the violation of Smith’s double jeopardy rights on direct appeal, this court would have had to determine whether the consecutive sentences imposed by the trial court were consistent with the intent of the legislature or whether the exception listed in subsection (2) provided Smith relief. Based on our reading of the decisional law at the time of the 2006 direct appeal and our review of the record provided, we cannot say that “in all probability” this court would have found the issue to be “without merit.”
 
 [6]
 
 As such, we cannot conclude that Smith was not prejudiced by his appellate counsel’s failure to raise the issue on direct appeal. Smith therefore has met his burden, and we grant his petition.
 

 
 *420
 
 We instruct the trial court, within thirty days from the issuance of the mandate in this case, to appoint an appellate counsel to file a brief limited to this issue. Appellate counsel shall, within thirty days from the issuance of the mandate, file a new notice of appeal, referencing this opinion. We note that nothing in this opinion should be construed as a determination regarding the correct application or interpretation of any of the case law relevant to the double jeopardy issue.
 
 See Comer v. State,
 
 997 So.2d 440, 441 (Fla. 1st DCA 2008) (“We find that the appropriate remedy is to order a new appellate proceeding to review [this issue], rather than ordering a new trial.”).
 

 Petition granted.
 

 ALTENBERND and KELLY, JJ., Concur.
 

 [1]
 

 . §§ 784.03(1), .08(2), Fla. Stat. (2005).
 

 [2]
 

 . § 784.03(2).
 

 [3]
 

 . This claim is cognizable in a petition alleging ineffective assistance of appellate counsel.
 
 See Gisi v. State,
 
 848 So.2d 1278 (Fla. 2d DCA 2003).
 

 [4]
 

 . Appellate counsel was on notice of this double jeopardy issue because Smith had challenged his convictions on this ground by filing a Florida Rule of Criminal Procedure 3.800(b)(1) motion to correct illegal sentence, which the trial court denied. Appellate counsel did make a double jeopardy argument as related to Smith's convictions for both battery on a person sixty-five or older and violation of the domestic violence injunction, but that argument was rejected by this court.
 
 See Smith,
 
 963 So.2d 713.
 

 [5]
 

 . We acknowledge that subsequent to the completion of Smith's direct appeal, the Florida Supreme Court has again refined its definition of the subsection (2) exception in
 
 Valdes v. State,
 
 3 So.3d 1067 (Fla.2009), by receding from the “primary evil” test. However, the applicability of this new definition to the facts raised by Smith’s petition is not yet before this court. The only issue raised is whether Smith has met his burden of establishing ineffective assistance of appellate counsel that would entitle him to a new appeal.
 

 [6]
 

 . As Justice Pariente observed in
 
 Valdes,
 
 the district courts over the years have "struggled with the application of” prior caselaw pertaining to this complicated issue and the Florida Supreme Court has “struggled to craft a consistent interpretation that would provide guidance to trial and district courts.”
 
 Valdes,
 
 3 So.3d at 1075.