WOLF, J.
 

 Appellant challenges his convictions for sexual battery by vaginal penetration and attempted sexual battery on a person helpless to resist. He raises a number of issues; we find merit in one. Appellant’s dual convictions violate principles of double jeopardy. We, therefore, reverse the conviction for attempted sexual battery on a person helpless to resist and remand for resentencing on the sexual battery. In light of our disposition, it is unnecessary for us to address the State’s cross-appeal challenging the downward departure sentence imposed by the trial court.
 

 Following a trial, appellant was convicted of:
 

 COUNT I: [Appellant] on or about March 30, 2008, at and in Escambia County, Florida, did unlawfully commit a sexual battery upon a person twelve (12) years of age or older, to-wit: [victim] ... nineteen years of age, by penetration of the vagina of said victim by the penis of said defendant without the consent of [victim], and in the process thereof did not use physical force and violence likely to cause serious personal injury, in violation of Section 794.011(5), Florida Statutes.
 

 [[Image here]]
 

 COUNT 3: [Appellant] on or about March 30, 2008, at and in Escambia County, Florida, did unlawfully attempt to commit a sexual battery upon a person twelve years of age or older, to-wit:, [victim] ..., nineteen years of age, without the consent of said victim, and while the said victim was physically helpless to resist, in violation of Section 794.01l(4)(a), Florida Statutes.
 

 At trial, evidence established appellant entered a room where an intoxicated young woman was sleeping and began to undress her. After the young woman awoke, appellant continued his sexual assault and, in doing so, completed an act of vaginal penetration.
 

 Appellant asserts his convictions violate double jeopardy. “The most familiar concept of the term ‘double jeopardy’ is that the Constitution prohibits subjecting a person to multiple prosecutions, convictions and punishments for the same criminal offense.”
 
 Valdes v. State,
 
 3 So.3d 1067, 1069 (Fla.2009). However, there exists “no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction, as long as the Legislature intends to
 
 *760
 
 authorize separate punishments.”
 
 McKinney v. State,
 
 24 So.3d 682, 683 (Fla. 5th DCA 2009)
 
 (citing Hayes v. State,
 
 803 So.2d 695, 699 (Fla.2001)). In deciding whether separate offenses exist, absent clear Legislative intent, Florida law requires a three-step inquiry into whether the same offense has been charged multiple times.
 

 Specifically, in order to determine if appellant’s convictions violate double jeopardy, we must first ascertain if the charges were based on an act or acts which occurred within the same criminal transaction and/or episode. If the charge did occur during the same transaction or episode, we must then determine if the convictions were predicated on distinct acts. If the charges are not predicated on distinct acts and have occurred within the same criminal episode, we must next decide if the charges survive a same elements test as defined by section 775.021, Florida Statutes (2008), commonly referred to as the Blockburger
 
 [1]
 
 analysis, which provides in pertinent part:
 

 (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
 

 (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
 

 1. Offenses which require identical elements of proof.
 

 2. Offenses which are degrees of the same offense as provided by statute.
 

 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
 

 A. Same Criminal Transaction and/or Episode
 

 Multiple punishments and convictions may rest on offenses occurring within differing criminal episodes. In
 
 State v. Paul,
 
 934 So.2d 1167, 1173 (Fla.2006)
 
 (overruled on other grounds
 
 by
 
 Valdes,
 
 3 So.3d 1067), the supreme court reasoned in order to determine if offenses arose out of the same criminal episode, a reviewing court must:
 

 “look to whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a ‘temporal break’ between offenses.”
 
 Murray v. State,
 
 890 So.2d 451, 453 (Fla. 2d DCA 2004)
 
 (quoting Staley v. State,
 
 829 So.2d 400, 401 (Fla. 2nd DCA 2002));
 
 see also Russo v. State,
 
 804 So.2d 419, 420-21 (Fla. 4th DCA 2001) (same);
 
 Cabrera v. State,
 
 884 So.2d 482, 484 (Fla. 5th DCA 2004) (holding that in order for crimes to be considered to have occurred in more than one criminal episode, there must be a sufficient temporal break between the two acts in order to allow the offender to reflect and form a new criminal intent for each offense).
 

 Here, based on the testimony provided at trial, the conduct giving rise to the charges occurred within a small time span of minutes, included no discernable tempo
 
 *761
 
 ral break, and was committed on the same victim. Consequently, this appears to have been one criminal episode.
 
 Paul,
 
 934 So.2d at 1173.
 

 B. Distinct Acts
 

 In addition to asking whether the charges arose out of a single criminal episode, we must also decide if the charges were predicated on distinct criminal acts. Specifically, in
 
 Hayes,
 
 803 So.2d at 700, the supreme court recognized “the prohibition against double jeopardy does
 
 not
 
 prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts.” (Emphasis in original).
 
 See also Valdes,
 
 3 So.3d at 1078 n. 12 (noting in that case, “because one criminal act gave rise to multiple separate offenses, double jeopardy is not violated,” which is “distinguishable from cases in which double jeopardy is not a concern because multiple convictions occurred based on two distinct criminal acts.”).
 

 In applying the distinct acts exception to double jeopardy principles, the court in
 
 Hayes
 
 limited the exception’s application. 803 So.2d at 700-01. Specifically, not all charges arising out of different acts occurring within the same criminal episode will rise to the level of “distinct” acts and allow for a finding of multiple offenses.
 
 Hayes,
 
 803 So.2d at 700. Instead, the relevant inquiry into whether acts are “distinct” rests on factors such as whether there was (1) a temporal break between the acts, (2) intervening acts, (3) a change in location between the acts; and/or (4) a new criminal intent formed.
 
 Id.
 
 (citing
 
 Hearn v. State,
 
 55 So.2d 559, 560 (Fla.1951);
 
 Brown v. State,
 
 430 So.2d 446, 447 (Fla.1983));
 
 see also Saavedra v. State,
 
 576 So.2d 953, 958 (Fla. 1st DCA 1991) (holding the crucial question in determining whether distinct acts occurred is typically whether defendant had time to reflect and form a new criminal intent between the acts).
 
 [2]
 

 In addition to the foregoing, Florida courts have also held the Florida sexual battery statutes are particularly susceptible to the distinct acts exception because the statutes “may be violated in multiple, alternative ways, i.e., ‘oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other act.’ ”
 
 See Saavedra v. State,
 
 576 So.2d 953, 956-57 (Fla. 1st DCA 1991);
 
 see also State v. Meshell,
 
 2 So.3d 132 (Fla.2009); § 794.011(1)(h), Fla. Stat. (2008).
 

 Thus, convictions for these “sexual acts of a separate character and type requiring different elements of proof’ do not violate double jeopardy because the acts are “distinct criminal acts that the Florida Legislature has decided warrant multiple punishments.”
 
 Meshell,
 
 2 So.3d at 135;
 
 see also Yeye v. State,
 
 37 So.3d 324 (Fla. 4th DCA 2010)
 
 (citing M.P. v. State,
 
 682 So.2d 79, 81 (Fla.1996), for the proposition that the prevailing standard for “determining the constitutionality of multiple convictions ... for offenses arising from the same criminal transaction ... is whether the legislature ‘intended to authorize separate punishments for two crimes.’ ”).
 

 Based on the foregoing, recently, in
 
 Me-shell,
 
 the supreme court upheld two lewd and lascivious battery charges arising out of the same criminal episode because the charges were clearly predicated, in the charging information, on distinct sex acts. 2 So.3d at 135.
 

 Here, similar to
 
 Meshell,
 
 appellant was charged with two counts of sexual battery; however, unlike
 
 Meshell,
 
 neither the
 
 *762
 
 charging information nor the jury verdict form included language clearly predicating the disputed charges on two distinct sex acts. The ambiguous wording of the charging information and the jury verdict makes it impossible for this court to know if the jury convicted appellant for one act of sexual battery or two distinct acts. Specifically, the jury could have found appellant guilty of both the attempt (which began prior to the victim awakening) and the completion of the same criminal act (which ended after she was no longer incapacitated).
 

 For that reason, while there exists a distinct acts exception to double jeopardy, we may not apply that exception on the record before us.
 
 See also Roberts v. State,
 
 39 So.3d 372 (Fla. 1st DCA 2010) (finding convictions for sexual battery and lewd or lascivious molestation for acts committed in the same criminal episode were based on distinct criminal acts and, therefore, did not violate double jeopardy principles, noting the “distinction is readily apparent here because the information and jury verdict form included particulars for each charge.”);
 
 Duke v. State,
 
 444 So.2d 492, 493-94 (Fla. 2nd DCA 1984) (finding no double jeopardy violation where the charging information included two counts for (1) attempted vaginal penetration followed a moment later by (2) attempted anal penetration because the differing sex acts constituted distinct acts for double jeopardy purposes).
 
 [3]
 

 C.
 
 Blockburger
 
 and its Exceptions
 

 Had distinct acts been found, the analysis would end here. However, because it is unclear if the charges were predicated on distinct acts, we must next engage in the
 
 Blockburger
 
 same elements test, i.e., whether each offense has an element that the other does not. § 775.021(4)(a), Fla. Stat. (2008). In section 775.021(4)(b), the Legislature made clear its intent to “convict and sentence for each criminal offense committed in the course of one criminal episode or transaction....” However, in doing so, the Legislature provided for three exceptions to this general rule which would prohibit multiple convictions for (1) “offenses which require identical elements of proof;” (2) “offenses which are degrees of the same offense as provided by statute;” or (3) “offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.” § 775.021(4)(b), Fla. Stat. (2008).
 

 In the underlying case, the offense of attempted sexual battery on a person helpless to resist includes elements (person helpless to resist and attempt) that the sexual battery through penetration offense does not. Thus, the offenses survive the initial inquiry of the
 
 Blockburger
 
 analysis. However, because the offenses constitute degrees of one another as that term has been recently defined in
 
 Valdes,
 
 they fall into the exception outlined in section 775.021(4)(b)(2), and reversal is required. 3 So.3d at 1068-77.
 

 Admittedly, the application of this subsection has had a long and confusing history in Florida law. However, recently in
 
 Valdes,
 
 3 So.3d at 1076, the supreme court attempted to clear up any confusion over this subsection’s application by announcing a new test:
 

 the plain meaning of the language of subsection (4)(b)(2) ... is that “[t]he Legislature intends to disallow separate punishments for crimes arising from the same criminal transaction only when the
 
 *763
 

 statute
 
 itself provides for an offense with multiple degrees.”
 

 quoting Paul,
 
 934 So.2d 1167 (Cantero J., concurring) (emphasis in original).
 

 The statute itself creates an exception for crimes that “are degrees of the same offense
 
 as provided by statute.”
 
 § 775.021(4)(b)(2), Fla. Stat. (1999) (emphasis added). By its very language, this exception is intended to apply narrowly. It prohibits separate punishments only when a criminal statute provides for variations in degree of the same offense, so that the defendant would be punished for violating two or more degrees of a single offense.
 
 See Sirmons v. State,
 
 634 So.2d 153, 156 (Fla.1994) (Grimes, J., dissenting) (highlighting the phrase “as provided by statute” and concluding that the “Court’s obligation is to apply the statute as it is written”). One example is the theft statute, which expressly identifies three degrees of grand theft and two degrees of petit theft.
 
 See
 
 § 812.014, Fla. Stat. (2005). Another is the homicide statute, which expressly identifies three degrees of murder, as well as multiple forms of manslaughter.
 
 See id.
 
 §§ 782.04, 782.07. Yet another is arson, which has two degrees.
 
 See id.
 
 § 806.01. It is in such cases, and only such cases, that the exception was intended to apply.
 

 Valdes,
 
 3 So.3d at 1076
 
 (quoting Paul,
 
 934 So.2d at 1177-78 (Cantero, J., concurring) (emphasis in original)). At first blush, this explanation appears to overlap with the third exception dealing with lesser included offenses. However, in clarification, in
 
 Valdes,
 
 the court noted that:
 

 Numerous examples of degree variants are found throughout Florida Statutes. Many of these examples would satisfy both the second and third statutory exception to the Blockburger test, in that they would constitute “degrees of the same offense as provided by statute” (subsection 4(b)(2)) and “lesser offenses the statutory elements of which are subsumed by the greater offense” (subsection 4(b)(3)). However, note that if a defendant received multiple convictions under sections 790.15(1), 790.15(2), and 790.15(3), the offenses would satisfy the second statutory exception, but not the third.
 

 3 So.3d at 1078 n. 11.
 

 The subsections referred to above authorize punishments for (1) knowingly discharging a firearm in any public place (first-degree misdemeanor); (2) discharging a firearm within 1,000 feet of any person while an occupant in a vehicle (second-degree felony); and (3) knowingly directing another to discharge a firearm while in a vehicle (third-degree felony). § 790.15, Fla. Stat. (2009). However, the statute expressly notes an individual should be charged with subsection (1) unless he or she is guilty of either subsection (2) or (3), thereby creating Legislative intent to cap offenses charged to either (1) or (2) and (3).
 

 Based on the foregoing, charges stemming from one act giving rise to offenses that are (1) included in the same charging statute and are (2) expressly provided by statute to be degrees of one another violate double jeopardy pursuant to
 
 Valdes
 
 regardless of whether each subsection charges a different element. In fact, since
 
 Valdes,
 
 two courts have acknowledged the degrees of one another exception to provide relief for those with dual convictions based on subsections of the same statute.
 
 See Smith v. State,
 
 19 So.3d 417 (Fla. 2d DCA 2009);
 
 Ruiz-Alegria v. State,
 
 14 So.3d 1276 (Fla. 2d DCA 2009).
 

 In the instant case, appellant was charged with violations of section 794.011(5) and section 794.011(4). Section 790.011(6) states, “[t]he offense described
 
 *764
 
 in subsection (5) is included in any sexual battery offense charged under ... subsection (4).” As such, the State correctly concedes there is a statutory trigger which would render the two offenses degrees of one another as that term is defined in
 
 Valdes.
 
 Accordingly, we reverse appellant’s conviction and sentences with directions to strike the conviction for attempted sexual battery on an incapacitated person.
 

 We further direct appellant be resen-tenced in light of the amended conviction. In doing so, we note if the trial court intends to depart downward from the guidelines sentence, we remind the court that all evidence used to support the departure must be included in the record.
 

 REVERSED.
 

 BENTON and PADOVANO, JJ., concur.
 

 [1]
 

 .
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
 

 [2]
 

 . According to
 
 Hayes,
 
 this analysis, though similar, differs from the analysis in determining whether two criminal transactions or episodes have taken place.
 

 [3]
 

 . This is not to say that a charging information and/or jury verdict form that specifies different acts would necessarily support the application of a distinct acts exception to the
 
 Blockburger
 
 statute. As noted in the opinion, a finding of different acts does not mandate a conclusion that those acts were distinct as that term is defined by
 
 Hayes
 
 and
 
 Meshell.