LEWIS, J.
R.J.R., a juvenile, appeals from an order finding guilt, withholding adjudication of delinquency, and sentencing her to probation on the charges of resisting an officer *266 with violence and resisting an officer without violence. R.J.R. argues and we agree that under the facts of this case the trial court’s order finding guilt and sentencing her to probation on both charges violates the constitutional prohibition against double jeopardy. Accordingly, we reverse the trial court’s finding of guilt and sentence of probation on the charge of resisting an officer without violence. We affirm the finding of guilt and sentence of probation on the charge of resisting an officer with violence.
FACTS
At trial, the evidence established that Jacksonville Sheriffs deputies were conducting an investigation involving a shooting that occurred in the street, but that the victim of the shooting wandered into a residence on Potomac Avenue. At the request of Sergeant Apelgren, Officer Hold-erfield first made contact with R.J.R. when she was leaving the residence on Potomac Avenue. The officer was told to obtain R.J.R.’s contact information and to ask her to remain at the residence. This was because the officers believed R.J.R. had information regarding the identity of the shooter. R.J.R. did not want to provide her contact information, nor did she want to stay at the residence. However, she ultimately provided the officer with the name of “Jasmine Jones” and returned to the porch. The officer ran the name “Jasmine Jones” through the E-warrant system and received a positive hit for an African-American female, twenty years of age. The officer next informed the sergeant about the outstanding warrant for “Jasmine Jones.” The officer believed that when he made this statement to the sergeant, another person overheard him and went back to the porch to inform R.J.R. about the warrant.
At that time, R.J.R. stood up and went inside the residence. The sergeant told R.J.R. to stop and followed her to the front door. The officer went around the house, and the sergeant entered the residence through the front door. In the living room, the sergeant asked the occupants sitting on the couch where R.J.R. went. When one occupant called R.J.R. by a different name than the name she had given to the officer, R.J.R. entered the living room carrying a baby, and the sergeant told her that she needed to step outside. At that time, he intended to detain her to determine if there was an outstanding warrant for her arrest and to determine if she had provided false identification to law enforcement. While the sergeant was walking R.J.R. outside, she turned, looked at him, and elbowed him in his chest. The sergeant grabbed her and pushed her against the door, and another female approached R.J.R. to take the baby away. The officer returned to the front of the residence within forty-five seconds to a minute and observed the sergeant escorting R.J.R. down the stairs. R.J.R. tried to pull away from the sergeant when he attempted to handcuff her. The officer approached the sergeant and assisted him with detaining R.J.R. and with placing her in the patrol car. R.J.R. continued resisting while she was escorted to the patrol car.
Subsequently, R.J.R. was charged by petition with resisting an officer with violence pursuant to section 843.01, Florida Statutes (2010), and resisting an officer without violence pursuant to section 843.02, Florida Statutes (2010). The trial court found R.J.R. guilty as to both counts, withheld adjudication of delinquency, and sentenced her to probation on both counts. She now appeals.
ANALYSIS
The issue we must determine is whether R.J.R.’s adjudications and sen *267 tences for both offenses constitute a double jeopardy violation. We review a double jeopardy claim based upon undisputed facts de novo. Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006). “The Double Jeopardy Clause in both the state and federal constitutions protects criminal defendants from multiple convictions and punishments for the same offense” arising from the same act or acts committed within the same criminal transaction. McKinney v. State, 51 So.3d 645, 647 (Fla. 1st DCA 2011) (internal quotations omitted). The governing law on whether a defendant should be punished for two crimes within a single criminal episode is section 775.021(4), Florida Statutes (2010), which provides as follows:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3.Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
In Partch v. State, 43 So.3d 758, 760 (Fla. 1st DCA 2010), we explained that section 775.021 requires a three step inquiry to determine whether the defendant’s convictions violate the prohibition against double jeopardy. The first step is to determine if the charges at issue were based on acts which occurred within the same criminal transaction and/or episode. Id. If the charges arise from the same criminal transaction or episode, the second step is to determine if the charges were predicated on distinct acts. Id. Lastly, if the charges were not predicated on distinct acts and have occurred within the same criminal transaction, the third step is to determine if the charged offenses survive a same element test as defined by section 775.021, commonly referred to as the Blockburger[1] test. Id.
Regarding the first step of the Partch analysis, the parties do not dispute that there was one single criminal transaction. We agree. Turning to the second step of the Partch analysis, we must ascertain whether the charges are predicated on distinct acts that occurred within a single criminal transaction. “[T]he relevant inquiry into whether acts are ‘distinct’ rests on factors such as whether there was (1) a temporal break between the acts, (2) intervening acts, (3) a change in location between the acts[,] and/or (4) a new criminal intent formed.” Partch, 43 So.3d at 761. The State asserts that R.J.R.’s charges are predicated on two distinct criminal acts. We disagree. Florida courts have consistently held that a continuous resistance to an ongoing attempt to effectuate a person’s arrest or detainment constitutes only one single instance of resisting an officer. *268 See Wallace v. State, 724 So.2d 1176, 1180-81 (Fla.1998) (holding that a defendant could only be convicted of one offense of resisting an officer, regardless of whether more than one officer was involved, because the defendant’s actions were a “continuous resistance to the ongoing attempt to effect his arrest.”); Andrew v. State, 861 So.2d 528, 528 (Fla. 1st DCA 2003) (vacating the defendant’s conviction and sentence for resisting arrest without violence as the charges of resisting with violence and without violence “may only be seen as continuous resistance to [an officer’s] ongoing attempt to remove [the defendant] from his car and arrest him.”); Fogle v. State, 754 So.2d 878, 878-79 (Fla. 1st DCA 2000) (holding that a defendant could not be convicted of two counts of resisting an officer without violence “where his altercation with a number of officers was in the course of his continuous resistance to an ongoing attempt to effect his arrest.”); D.A.R. v. State, 22 So.3d 850, 852 (Fla. 4th DCA 2009) (holding that a juvenile could not be adjudicated delinquent without a violation of double jeopardy for both resisting arrest with violence and resisting arrest without violence arising out of a continuous episode); Goodman v. State, 801 So.2d 1012, 1014 (Fla. 4th DCA 2001) (holding that a defendant could not be convicted of both resisting arrest with violence and resisting arrest without violence arising out of a continuous single episode); Madison v. State, 777 So.2d 1175, 1176 (Fla. 5th DCA 2001) (“[A] continuous resistance to the ongoing attempt to effect a defendant’s arrest constitutes a single instance of resisting an officer.... ”).
Here, the State failed to establish that the acts occurred in different locations, that there was any temporal break between the two acts that would have enabled R.J.R. to reflect and form a new criminal intent for the second act, or that there were any intervening acts interrupting R.J.R.’s resisting arrest. Accordingly, even though more than one officer was involved in effectuating R.J.R.’s arrest, her conduct constituted one continuous act of resisting in a single episode.
Lastly, in regard to the third step of the Partch analysis, since the charges were not predicated on distinct acts that occurred within the same criminal transaction, we must determine whether resisting an officer with violence and resisting an officer without violence survive the Block-burger test. The Blockburger test is defined by section 775.021(4)(a), and provides that if each charged offense has an element that the other does not, then there is no double jeopardy violation. However, section 775.021(4)(b) sets forth three exceptions to this general rule: (1) offenses which require identical elements of proof; (2) offenses which are degrees of the same offense as provided by statute; and (3) offenses which are lesser offenses, the statutory elements of which are subsumed by the greater offense. Multiple convictions for offenses that fall within the statutory exceptions violate the constitutional provisions that protect against double jeopardy.[2]
 In Jones v. State, 764 So.2d 659, 660 (Fla. 1st DCA 2000), an analogous case, we applied the second statutory exception of section 775.021(4)(b) to find a double jeopardy violation. We held, in pertinent part, as follows:
In Sirmons v. State, 634 So.2d 153 (Fla.1994), and State v. Anderson, 695 So.2d 309 (Fla.1997), the supreme court held that a defendant cannot be convicted of two offenses which are merely *269 degree variants of the same underlying core offense. In Anderson, the court noted that two offenses can be degree variants of the same offense if they share a common core offense, notwithstanding the fact that they may not be specifically identified as degrees of the same offense within the statutes. See Anderson, 695 So.2d at 311. Both offenses for which appellant was convicted share the same common core criminal conduct, resisting an officer. Appellant’s actions also constituted one continuous criminal act without any break. Under these circumstances, appellant could not be convicted of both resisting an officer with violence and resisting an officer without violence.
Jones, 764 So.2d at 660. The Fifth District, in another similar case, applied the third statutory exception of section 775.021(4)(b) to find a double jeopardy violation. Swilley v. State, 845 So.2d 930, 933 (Fla. 5th DCA 2003). The Fifth District held that “[sjeparate convictions are prohibited because the lesser offense of resisting without violence has elements which are subsumed by the greater offense of resisting with violence. Since both of the defendant’s convictions were based upon his ongoing attempts to avoid arrest they violate the defendant’s double jeopardy rights.” Id. Therefore, consistent with Jones and Swilley, under either exception, R.J.R. could not be found guilty and sentenced for both resisting an officer with violence and resisting an officer without violence. “When an appellate court determines that dual convictions are impermissible, the appellate court should reverse the lesser offense conviction and affirm the greater.” Pizzo, 945 So.2d at 1206.
CONCLUSION
For the foregoing reasons, the trial court’s finding of guilt and sentence on the misdemeanor charge of resisting an officer without violence must be reversed. The trial court’s order is otherwise affirmed.
AFFIRMED in part, and REVERSED in part.
PADOVANO and WETHERELL, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. U.S. Const, amend. V; art. I, § 9, Fla. Const.