MARSTILLER, J.
James Alvie Harris (“Appellant”) appeals his convictions for felony battery and battery, arguing that they violate double jeopardy. We agree, and reverse the battery conviction.
The State originally charged Appellant with felony battery and domestic battery by strangulation. Count I, charging felony battery, alleged that Appellant
did unlawfully commit battery upon LESLEY M LANG by actually and intentionally touching or striking said person against said person’s will, and caused great bodily harm, permanent disability, or permanent disfigurement to LESLEY M LANG, in violation of Section 784.041, Florida Statutes.
Count II, charging domestic battery by strangulation, alleged that Appellant
did knowingly and intentionally, against the will of LESLEY M LANG, impede the normal breathing or circulation of the blood of LESLEY M LANG, a family or household member, or a person with whom [Appellant] is in a dating relationship, and did create a risk of or cause great bodily harm by applying pressure on the throat or neck of LESLEY M LANG or by blocking the nose or mouth of LESLEY M LANG, in violation of Section 784.041(2)(a) and (3), Florida Statutes.
The evidence adduced at trial showed that Appellant and the victim, his girlfriend, were having an argument on the back patio of their home when Appellant became agitated. He stood up and began shaking the chair the victim was sitting in, causing her to fall and hit her head on the concrete. After the victim stood up, Appellant continued to be physically aggressive by grabbing her arms, pressing her against the house, putting his fingers in her nose and mouth, and spitting on her. The altercation moved from the patio to the yard where Appellant sat on the victim’s chest and proceeded to strangle her, thrice wrapping his hands around her neck and then releasing her. The victim realized then that her clavicle was broken, but she could not say how or when the injury occurred. She also could not remember how or when the pair ended up on the ground in the yard.
The jury found Appellant guilty of felony battery as charged in Count I, and guilty of battery, a misdemeanor and lesser-included offense of domestic battery by strangulation as charged in Count II. The trial court sentenced him to 48 months’ imprisonment followed by 12 months’ community control for the felony battery, and to 12 months’ probation for the battery, consecutive to the first sentence.
Appellant argues that the convictions violate his right to be free from double jeopardy because they arose from a single criminal episode involving one continuous act of battery, with no temporal break between the acts. He argues the convictions further violate double jeopardy principles because the elements of battery are subsumed within felony battery. The State responds that the evidence shows Appellant engaged in six separate acts during the criminal episode, and that the *924 acts are distinguishable spatially, temporally, and in character. Consequently, Appellant’s convictions present no double jeopardy concerns.
‘“The most familiar concept of the term “double jeopardy” is that the Constitution prohibits subjecting a person to multiple prosecutions, convictions and punishments for the same criminal offense.’ ” Partch v. State, 43 So.3d 758, 759 (Fla. 1st DCA 2010) (quoting Valdes v. State, 3 So.3d 1067, 1069 (Fla.2009)); see U.S. Const, amend. V.; Art. 1, § 9, Fla. Const. Multiple convictions and punishments arising out of a single criminal episode thus raise double jeopardy questions.
“[T]he prohibition against double jeopardy does not prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts [in one episode].” Hayes v. State, 803 So.2d 695, 700 (Fla.2001) (emphasis in original). But even if the acts are not distinct, there is no constitutional prohibition against multiple punishments “if the Legislature intended separate convictions and sentences for a defendant’s single criminal act[.]” Hayes, 803 So.2d at 699. Section 775.021, Florida Statutes (2010), generally expresses such intent, and provides the framework for analysis:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense.... For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction.... Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Whether the acts committed during a single criminal episode are distinct depends on factors such as whether the acts were separated by a temporal break, intervening acts, or a change in location, and/or whether the defendant formed a new criminal intent between each act. See Partch, 43 So.3d at 761 (citing Hayes, 803 So.2d at 700). The altercation between Appellant and his girlfriend began on the patio of their home where he grabbed her, pushed her, and put his fingers in her nose and mouth, and continued until the pair landed in the yard on the ground with Appellant sitting on his girlfriend choking her. These facts reflect one continuous battery — an uninterrupted series of acts, as opposed to distinct acts separated by time, intervening acts, or different locations. See Olivard v. State, 831 So.2d 823, 823-24 (Fla. 4th DCA 2002) (finding that defendant’s acts occurred in one continuous event where defendant struck victim with a bicycle pump, wrestled him to the ground, and bit his ear off); Gresham v. State, 725 So.2d 419, 420 (Fla. 4th DCA 1999) (viewing defendant’s acts as “a single act” where, during an uninterrupted sequence, defendant pointed a shot gun at her husband, they struggled, he took the gun away, and she grabbed a knife and stabbed him); cf. Saavedra v. State, 576 So.2d 953, 956 (Fla. 1st DCA 1991) (concluding, where defendant sexually assaulted victim near her home and in two different locations in a nearby park, that moving *925 victim to distinguishable locations gave defendant time to pause and reflect between acts).
Finding Appellant’s acts indistinguishable for double jeopardy purposes, we look to section 775.021(4) to determine whether Appellant’s dual convictions nonetheless may stand. The statute provides that an individual shall be punished for all offenses arising out of a single criminal transaction or episode, except offenses that require identical elements of proof, are degrees of the same offense, or are lesser offenses whose elements are subsumed by the elements of the greater offense. See §§ 775.021(4)(b)1.-3., Fla. Stat. (2010). The third exception applies here. Felony battery occurs when a person “(a) [actually and intentionally touches or strikes another person against the will of the other; and (b) [clauses great bodily harm, permanent disability, or permanent disfigurement.” § 784.041(1), Fla. Stat. (2010). Battery occurs when a person “[a]ctually and intentionally touches or strikes another person against the will of the other[.]” § 784.03(1)(a), Fla. Stat. (2010). Because felony battery wholly subsumes battery, section 775.021 precludes punishing Appellant for the lesser offense.
Accordingly, we vacate Appellant’s conviction for misdemeanor battery (Count II). See State v. Barton, 523 So.2d 152, 153 (Fla.1988).
AFFIRMED in part; REVERSED in part.
PADOVANO, MARSTILLER, and SWANSON, JJ„ concur.