WETHERELL, J.
In this direct criminal appeal, Alexander James Silvers contends that his convictions and sentences for three counts of battery violate the constitutional prohibition against double jeopardy because each count involved the same victim and occurred during the same criminal episode. We agree. Accordingly, we reverse Silvers’ judgment and sentence in part and remand with directions to vacate two of the battery convictions.
Silvers engaged in multiple non-consensual sexual acts with a 17-year old girl. The entire incident took place in one room of Silvers’ apartment, and was an uninterrupted event lasting approximately 10 minutes without any break between the different sexual acts. The State charged Silvers with three counts of sexual battery (counts I — III) and two counts of unlawful sexual activity with a minor (counts IV-V). *848 Counts I and IV alleged that Silvers placed his penis in or upon the victim’s vagina; counts II and V alleged that Silvers placed his penis inside the victim’s mouth; and count III alleged that Silvers placed his mouth in or upon the victim’s vagina. Following a jury trial, Silvers was found guilty of the lesser-included offenses of battery in counts I — III, and guilty as charged in counts IV and V.[1] The trial court sentenced Silvers to 12 months for each count of battery and 15 years for each count of unlawful sexual activity with a minor, with all sentences to run concurrently. This appeal followed.
On appeal, Silvers does not challenge his convictions or sentences for counts IV and V; he only challenges his convictions and sentences for battery in counts I — III. Specifically, Silvers contends that his multiple battery convictions violate the prohibition against double jeopardy because his actions involved one victim and occurred in a single criminal episode. The State does not dispute that Silvers’ battery convictions arose from a single criminal episode, but it argues that the multiple convictions do not violate double jeopardy because each battery was predicated on a separate and distinct unlawful touching. See Hayes v. State, 803 So.2d 695, 700 (Fla.2001) (“[T]he prohibition against double jeopardy does not prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts.”) (emphasis in original).
The State bases its argument primarily on State v. Meshell in which the supreme court explained that “sexual acts of a separate character and type requiring different elements of proof, such as those provided in the sexual battery statute, are distinct criminal acts that the Florida Legislature has decided warrant multiple punishments.” 2 So.3d 132, 135 (Fla.2009). Silvers responds that Meshell has no application here because he was convicted of battery, not sexual battery. We agree with Silvers because, as explained by our sister court in Miles v. State,
[t]he sexual battery statute proscribes very specific conduct which can be committed in a number of specified ways. The battery statute has no such similar language. The Legislature does not separately criminalize the unlawful touching of one’s face, separate and apart from one’s torso.
94 So.3d 662, 664 (Fla. 5th DCA 2012).
Like the defendant in Miles, Silvers was convicted of multiple violations of the same *849 statute based upon multiple unlawful touchings of the same victim during a single criminal episode. Neither the battery statute, nor section 775.021(4), Florida Statutes, permits multiple convictions and sentences under these circumstances. See id. (“The victim in this case suffered injuries to her face, neck, arms, and ankle. Under the State’s theory, [the defendant] was subject to prosecution for each. That argument defies logic; more importantly, it is not supported by the legislative enactment of the battery statute.”); Harris v. State, 111 So.3d 922, 924 (Fla. 1st DCA 2013) (holding that the defendant’s convictions for felony battery and battery arising out of fight in which he choked his girlfriend and struck her multiple times violated the prohibition against double jeopardy because the facts showed “one continuous battery — an uninterrupted series of acts, as opposed to distinct acts separated by time, intervening acts, or locations”); Ocasio v. State, 994 So.2d 1258, 1264 (Fla. 4th DCA 2008) (holding that the defendant’s dual convictions for the lesser-included offenses of battery arising out of an altercation in which he struck his estranged wife, put his fingers inside her vagina, and bit her breast violated the prohibition against double jeopardy because there was “no evidence that there was a temporal break between any of the incidents ... so that a new criminal intent could be formed”). Accordingly, Silvers’ multiple convictions and sentences for battery violate the prohibition against double jeopardy.
For these reasons, we reverse Silvers’ judgment and sentence in part and remand with directions to vacate two of the battery convictions. We affirm the judgment and sentence in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
PADOVANO, J., concurs.
MAKAR, J. concurs with opinion.

. We decline to speculate on the rationale for what appears to be a logically inconsistent (but not a "truly” inconsistent) verdict; however, we note that the rationale postulated in the concurring opinion finds no support in the record because Silvers was not charged with battery for punching the victim. See Answer Brief of Appellee at 2 n. 1 ("The State elected not to charge Appellant with a separate battery for any of these punches to M.M.’s throat, eye, and nose."). Accordingly, as the State concedes in its brief, Silvers’ battery convictions were necessarily based upon the three specific acts alleged in the sexual battery counts. Id. at 10 ("Here, Appellant’s three battery convictions were lesser-included offenses of three distinct criminal acts. The first unlawful touching (Appellant’s penis and M.M.’s mouth) occurred when Appellant forced M.M. to perform oral sex on him. The second unlawful touching (Appellant’s mouth and M.M.’s vagina) occurred after he told her to take her clothes off and then penetrated her vagina with his tongue. The third unlawful touching (Appellant's- penis and M.M.’s vagina) occurred when he penetrated her vagina with his penis .... ”); see also id. at 12 ("The lesser included battery verdicts were found by the jury in separate verdict forms for' each of the three sexual battery charges. In a light most favorable to sustaining the convictions, the jury found Appellant guilty of three separate instances of battery based on the three distinct unlawful touchings.”).